Gray *vs*. Obear.

EDWIN · T. GRAY, plaintiff in error, *vs.* GEORGE S. OBEAR, executor, defendant in error.

1. The repeal of a statute declaratory of what the common law was, without more, leaves the common law in full force and operation.

2. A trust estate cannot be created in property for the sole benefit of a male who is *sui juris*, and conveyed to a trustee for the purpose of protecting it from his creditors.

3. Where a testator bequeathed property in trust for the benefit of his son, without any limitation as to the extent of his interest in the same, but provided that he should be restricted in his expenses to the income thereof, and that said property should not be subject to his debts unless made by the written consent of the trustee:

*Held*, that after said son became of age, there being nothing for the trustee to do beyond that which was contrary to the policy of the law, the trust was executed and the beneficiary took an absolute fee simple estate therein.

4. Evidence sustaining a defense not set up by the answer is inadmissible.

5. A party to a contract is an incompetent witness in reference thereto, where the other party is dead; and this rule, of course, excludes an entry made by the survivor on an obligation of his to the deceased, after the death of the latter, by which the former was released from a portion of such liability.

6. It is the duty of the court, when requested, to instruct the jury what portion of the defendant's answer is responsive to the bill, and what is not.

7. It is the legal right of a party to have the charge of the court reduced to writing. As a matter of practice, such request should be made before the commencement of the argument to the jury.

Trusts. Laws. Evidence. Practice in the Superior Court. Witness. Equity. Charge of Court. Before Judge HILL. Bibb Superior Court. April Term, 1874.

For the facts of this case, see the decision.

R. F. LYON; J. & J. C. RUTHERFORD, for plaintiff in error.

LANIER & ANDERSON, HILL & HARRIS, for defendant.

WARNER, Chief Justice.

This was a bill filed by the complainant against the defendant as the executor of William Gray, deceased, calling upon him to account for and pay to him the amount of his legacy specified in the testator's will. On the trial of the case, the jury, under the charge of the court, found a verdict for the defendant. The complainant made a motion for a new trial, on the several grounds set forth in the record, which was overruled by the court, and the complainant excepted.

1, 2, 3. The clause of the testator's will under which the legacy is claimed is in the following words: "I give and bequeath, at my death, to George S. Obear, in trust, for the use and benefit of my son, Edwin T. Gray, the following negroes, (naming them.) I also give to the said George S. Obear, in trust as aforesaid, one-fourth of all the money, bonds, stocks, land, and personal property of every description, negroes excepted, of which I may die possessed, after deducting the bonds hereinafter given to the children of Benjamin Patterson Jenkins, deceased. I will and direct that the property so given to the said George S. Obear, in trust for my said son, Edwin T., shall be managed and controlled by said trustee for the use and benefit of my said son, who is to be restricted in his expenses to the income arising from said property. The said trustee shall have authority to sell or exchange any or all of said property and reinvest the proceeds thereof, if he shall deem it best for the interest of my said son; but said property shall not be liable for the debts or contracts of my said son, except when made and entered into by the written consent of my said trustee." The will was executed in July, 1864; the testator died in 1870. The complainant requested

the court to charge the jury "that the trust here set up by Obear was what the law defines to be an executed trust; was so at the time of its creation, and if not so originally, if the proof shows that Obear has received the property of Gray, rendering his interest certain, and has reduced it to possession or control, that then the trust became executed, and the title and the right of possession vested in Gray, the beneficiary," which request to charge the court refused, but charged the contrary thereof, that the trust was executory, and not an executed trust; that the testator had the legal right to create it, notwithstanding his son was *sui juris;* that it was a good trust and must stand; that the testator had the right to put such terms and restrictions upon the property bequeathed to his son as he saw fit.

The main controlling question in this case is, whether the trust created by the testator's will was a legal, valid trust, according to its legal effect and operation under the law of this state, which would entitle the defendant to retain the property in his possession as *trustee,* and to refuse to account to the complainant as executor of the testator therefor? In a legal sense, uses and trusts mean exactly the same thing. That the statute of 27th of Henry the VIII., concerning uses and wills, commonly called the statute of uses, is of force here as a part of the law of this state, there can be no doubt. One of the evils that statute was intended to remedy was that the property of the *cestui que use* could not be reached by legal process for his debts. The statute therefore executed the use— that is, it conveyed the possession to the use, and transferred the use into possession, and thereby made the *cestui que use* complete owner of the property, as well at law as in equity. By the statute of this state, *trust estates* may be created for the benefit of any female, or minor, or person *non compos mentis:* Code, sec. 2306. In other words, the testator in this case could have created a *trust estate* in favor of his son, if he was a minor, during his minority, or if he had been *non compos mentis,* and the trust would have been a legal, valid, trust. But it is insisted that the act of 1863, which repealed that

portion of the 2287th section of the Code which declared "that *trust estates* cannot be created in any property for any male person of sane mind," was intended to change the law in relation to that class of persons. We are inclined to think that it was the intention of the legislature, in passing the act of 1863, only to repeal so much of the section of the Code referred to in the act as prohibited the creation of *trusts*, express or implied, in any property for any male person of sane mind, and not to repeal that portion of the Code which declared that a *trust estate* could not be created in any property for any male person of sane mind. The caption of the act and the words in the body of it only refer to the creation of *trusts*, and not to the creation of *trust estates*. But be that as it may, that section of the Code which declared that a trust estate could not be created in any property for any male person of sane mind, was only declaratory of what was the common law of force in this state at the time of the adoption of the Code, and the repeal of that declaratory statute, without more, left the common law applicable to that question in full force and operation. In our judgment, a *trust estate* cannot be created in property in this state for the *sole benefit* of a full grown man, who is *sui juris*, and be conveyed to a trustee for the purpose of protecting it against his creditors, or for the purpose of depriving him of the free use and enjoyment of such property as the owner thereof. By the act of 1821, (the provisions of which are substantially embodied in the Code,) all bequests and devises of property, real or personal, shall be held and construed to vest in the person to whom the same are made, an absolute, unconditional, fee simple estate, unless it be otherwise expressed, and a less estate mentioned and limited in such bequest or devise: Cobb's Dig., 169. The testator, by his will, bequeathed and devised the property therein mentioned to Obear, in trust, for the use and benefit of his son, Edwin T., without any limitation or restriction as to the extent of his interest in the property conveyed. In other words, Obear, the trustee, was a mere *conduit*, through which the estate conveyed by the testator passed to Edwin T., the complainant.

All the trustee had to do, by the terms of the will, was to restrict the *cestui que trust* from the free use and enjoyment of his own property, and to protect it from the payment of his debts, which is contrary to the policy of the state. There being nothing for the trustee to do, by the terms of the testator's will, except to restrain the *cestui que trust* from the free use and enjoyment of his own property and to protect it from the payment of his debts, the statute of uses executed the trust, and transferred the use into possession, and made Edwin T., the *cestui que trust*, the complete owner of the property, both in law and equity. In an executed trust for the benefit of a person capable of taking and managing property in his own right, the legal title is merged immediately into the equitable interest, and the perfect title vests in the beneficiary according to the terms and limitations of the trust: Code, sec. 2314. It is true that a testator, by his will, may make any disposition of his property he pleases which is not inconsistent with the laws or contrary to the policy of the state: Code, sec. 2399. But if an estate is conveyed to one person for the use of, or upon a trust for another, and nothing more is said, the statute of uses immediately transfers the legal estate to the use, and no trust is created, although express words of trust are used. So absolute is the statute that it will operate upon all conveyances in the words above stated, although it was the plain intention of the settler that the estate should vest and remain in the first donee, for the intention of the citizen cannot control express enactments of the legislature, or positive rules of property : Perry on Trusts, section 298. In our judgment, inasmuch as Edwin T. Gray is *sui juris*, he took an absolute estate in the property bequeathed and devised to him by his father's will; the trust was executed, and he is entitled to recover the possession thereof from the defendant, as executor. The court, therefore, erred in refusing to charge the jury as requested, and in the charge as given in relation to that point in the case. Our judgment is confined to the trust declared in the testator's will now before us. Whatever trusts a testator may *lawfully* create by his will

which the statute of uses or the provisions of our Code will not execute in favor of the *cestui que trust*, is not now before us for consideration.

4. The court erred in allowing Burnett and the other witnesses, to testify as to the mental incapacity of complainant, over his objections, on the ground that the defendant had not alleged in his answer that the complainant was *non compos mentis*, or that he was a person of *unsound mind*.

5. The court also erred in allowing the defendant to testify in relation to any contract or agreement made between himself and Gray, the testator, respecting the $5,700 00 receipt for railroad stocks and bonds, inasmuch as Gray, the other party to the contract or agreement, was dead. It was also error in admitting in evidence the entry made on the back of the obligation by the defendant in pencil writing, since the death of the testator.

6. The court also erred in not instructing the jury what part of the defendant's answer was responsive to the allegations in complainant's bill, and what part thereof was not responsive, having been specially requested to do so.

7. It was the legal right of the complainant to have had the charge of the court to the jury reduced to writing. As a matter of practice, however, when either party in the cause shall require the charge of the court to be in writing, such re- 'quirement or request should be made of the court before the commencement of the argument to the jury, so as to enable the court to note the points made, and be the better prepared to give its charge in writing after the close of the argument. Holding as we do that the trust contained in the testator's will, was an *executed* trust, that the title to the property vested in the complainant, and he having the right to require the defendant to account therefor, as executor, we express no opinion in regard to the questions made in the record as to the removal of the defendant as trustee of complainant.

Let the judgment of the court below be reversed.