THOMPSON, administrator, *v.* SANDERS.

Where a testator by his will devised certain land to W. S., "in trust for his wife, M. A., and her children, during his life, and at his death to be their property, and this property not to be sold for debts contracted by him, to have and to hold the same in trust for his wife and children," the trust was immediately executed as to the wife, she being of age, and as to the children as they respectively came of age.

Argued October 31,— Decided November 14, 1903.

Petition for partition. Before Judge Russell. Banks superior court. March 17, 1903.

*H. H. Perry* and *F. M. Johnson*, for plaintiff.
*W. W. Stark*, for defendant.

TURNER, J. Nathan Sanders, of the county of Banks, on the 4th day of April, 1884, executed his will, the 6th item of which

is as follows: "I will and bequeath unto my son, Wiley S. Sanders, my home place, containing one hundred and fifty acres, more or less, in trust for his wife, M. A., and her children, during his life, and at his death to be their property; and this property not to be sold for debts contracted by him, to have and to hold the same in trust for his wife and children." It seems that M. A. Sanders, the wife of Wiley S., died in 1891, and left surviving her three children to wit, W. Z. Sanders, E. F. Sanders, and Linna M. Pickle, who was formerly Linna M. Sanders. It further appears that subsequently, after these three children became of age, they executed deeds conveying to J. K. Thompson their interests in the land devised in the 6th item of the will of Nathan Sanders. Thompson filed in the superior court of Banks county a petition for partition of the land in question between himself and Wiley S. Sanders, in which petition he claimed, by virtue of the conveyances just mentioned, fifteen sixteenths of the premises, and averred that Wiley S. Sanders had only one sixteenth. Thompson also alleged in his petition that the trust created by said will was fully executed; that upon the death of M. A. Sanders, the wife of Wiley S. Sanders, her one fourth of the land devised by her father in the 6th item of his will descended to her said three children and to her husband, so that he became entitled to an undivided one-sixteenth interest in and to said land. On this petition, the court passed an order appointing commissioners for partition, with the usual powers, and they reported to the court that an advantageous partition could not be made, and recommended a sale of the land. Pending this proceeding, J. K. Thompson died, and Alonzo Thompson, his administrator, was made a party in his stead. After the return of the commissioners, Wiley S. Sanders, the defendant, filed objections to the partition of said land and to the return of the commissioners, and for grounds of his defense and objections urged that, under the 6th item of the will of Nathan Sanders, the plaintiff had no right or title to the premises, or any interest in the same, but that the title to all of said premises was in the defendant; that the legal title not being in the said children of M. A. Sanders, they had no right or authority to sell the same; that said trust would not be fully executed until the death of this defendant; that the deeds from the beneficiaries mentioned in the plaintiff's petition were null and void and passed no title into J. K.

Thompson; and that, under said item of the will, the defendant has the legal title to the premises during his life, and at his death the same will descend under the will to such of the children of M. A. Sanders as may be then in life, etc.

On the trial the court had before it, among other evidence, the will of Nathan Sanders and the deeds made by the children of M. A. Sanders to the plaintiff's intestate, with an admission that Wiley S. Sanders was in possession of the premises devised in the 6th item of the will, that the children of M. A. Sanders had reached their majority before the deeds mentioned were executed, that M. A. Sanders was dead, and that she left surviving her only the three children named.     The defendant introduced no evidence; and at the conclusion of the evidence offered by the plaintiff, the court, on motion of the defendant, directed a verdict in his favor; whereupon the jury returned a verdict in favor of Wiley S. Sanders to the effect that the plaintiff had no right to a partition during the life of said Sanders.     To the action of the court in directing said verdict Thompson, administrator, excepted.

At the time of this will taking effect, the act of 1866, commonly called the " married woman's act," was of force, and by virtue of that act M. A. Sanders, the wife of Wiley S., was sui juris; and as her children successfully reached majority, they (including the daughter) were also sui juris.     In this State, a trust estate can not be created in property for the benefit of persons sui juris.     In such a case, the statute of uses immediately transfers the legal estate to the usee, and no trust is created, although express words of trust are used.     So absolute is the statute that it will operate upon all conveyances attempting to set up such a trust, although it be the plain intention of the settler that the estate should vest and remain·in the trustee named; for the intention of the citizen can not control express enactments of the legislature or positive rules of property.     This reasoning is taken from prior decisions of this court.     *Gray* v. *Obear*, 54 *Ga.* 231, 235; *Banks* v. *Sloat*, 69 *Ga.* 330; *Kile* v. *Fleming*, 78 *Ga.* 1; *Harrold* v. *Westbrook*, Ibid 5; *Parrott* v. *Dyer*, 105 *Ga.* 93; *Brantley* v. *Porter*, 111 *Ga.* 886; *Fleming* v. *Hughes*, 99 *Ga.* 444, and cases cited.     In the construction of the will in this case, the words " during his life " can not in any wise affect this question, in our opinion.     But if, by the operation of these words, together with the statute of uses,

an estate during the life of Wiley S. Sanders (or what is called in law an estate pur autre vie) resulted, then this interest was merged in the remainder or greater estate which followed it. Civil Code, § 3106. See also Id. § 3157. We therefore think that the trial judge erred in directing the verdict.

*Judgment reversed. All the Justices concur.*