### ARMOUR FERTILIZER WORKS v. LACY, trustee.

ATKINSON, J. Charles P. Lacy died, leaving a will which was duly probated in 1909; and after payment of all debts, the executors assented to all the legacies. By item 2 of the will it was provided: "I give and bequeath to my son, C. Hill Lacy, five hundred dollars, without restrictions; and I give him that certain tract of land in Taliaferro County, known as the John Reynolds place, containing four hundred and fifty acres of land, more or less, subject to the restrictions and limitations, hereinafter stated in this will, to that part of my estate that I give to my six daughters." By item 5 it was provided: "I direct that as soon as possible after my death all of my property, except that which has already been bequeathed above, be by my executors converted into cash or its equivalent, and be divided into six equal parts, and be held by my executors as trustees for each of my six daughters as above mentioned, the title to each said part to be invested in or made to my executors as trustees for them and their children, and that each share shall be so invested that the income from the investment be given to each of my children (six daughters). This also refers to the land given to my son, C. H. Lacy, and no part of the principal sum given shall be used by any of these daughters during their lifetime; and should they die before each of their children shall have become of age, each one's share shall continue to remain with my executors, and the income from each such share to be used for the support of their respective children and husband, until each child shall become of age, and then the share of each is to be divided equally among their children and husbands and their estates; and should it be necessary for any property belonging to my daughters as their estates be sold, the proceeds from the sale shall be at once reinvested and restricted as above, and such sale or change of property must be authorized by the ordinary in the county in which they reside." By item 6 it was provided: "The estate given to each of my said daughters and sons and wife is a fee for life, with remainder for their children, or, if no children, to the survivor, except that of my wife, Mary Ann Lacy, whose share must be governed as aforementioned in this will." In 1915 a fi. fa. in favor of the Armour Fertilizer Works against C. H. Lacy was levied upon the life-estate of C. H. Lacy in the land bequeathed to him by item two of the will. The executors declined to qualify as trustees, and by order of court C. P. Lacy was appointed as trustee for the children of C. H. Lacy. C. P. Lacy, as trustee under the will, interposed a claim. Upon the trial, the evidence being as indicated above, the judge directed a verdict finding the property not subject. *Held:*

1. A life-estate is subject to levy and sale under execution against the life-tenant. *North Georgia Fertilizer Co.* v. *Leming*, 138 *Ga.* 775 (76 S. E. 95).

2. In this State a trust estate can not be created in property for the benefit of a person sui juris. Civil Code, § 3737; *Gray* v. *Obear*, 54 *Ga.* 231; *Thompson* v. *Sanders*, 118 *Ga.* 928, 930 (45 S. E. 715).

3. Where a testator, by the terms of his will, bequeathed land to trustees for the use of his son, who is sui juris, during his life, with remainder over, upon his death, to his children, the life-estate is subject to levy and sale under an execution against the son while in the hands of the trustees, notwithstanding there are minor children living who are beneficiaries of the trust. *American Mortgage Co.* v. *Hill,* 92 *Ga.* 297 (18 S. E. 425). Accordingly, it was erroneous in this case to direct a verdict finding the property not subject.

*Judgment reversed. All the Justices concur.*

NOVEMBER 18, 1916.

Claim. Before Judge Park. Taliaferro superior court. October 4, 1915.

*Noel P. Park,* for plaintiff. *Samuel H. Sibley,* contra.