HOFFMAN, administrator, *v.* CHESTER.

No. 15546.   September 6, 1946.   Rehearing Denied October 11, 1946.

448

*O. C. Hancock,* for plaintiff.   *E. A. Wright,* for defendant.

WYATT, Justice.  ■   The contentions urged by counsel for the plaintiff in error may be disposed of by answering two questions: (1) Whether that portion of Item 6 of the will attempting to create a trust for James Chester is valid and operative; and (2) whether the administrator, under the terms of the will, has an unlimited power of sale.

A trust estate can not ordinarily be created in property for the benefit of a person sui juris.   Code, § 108-114; *Armour Fertilizer Works* v. *Lacy,* 146 *Ga.* 196 (2) (91 S. E. 12).   "In an executed trust for the benefit of a person capable of taking and managing property in his own right, the legal title is merged immediately into the equitable interest, and the perfect title vests in the beneficiary according to the terms and limitations of the trust."   Code, § 108-112.

The provisions of the will in the instant case do not expressly create a "spendthrift trust" for the testatrix's son.   On the contrary, the testatrix by Item 3 of the will directs that the proceeds from the sale of certain property be equally divided between her son and husband.   This property was devised to the son absolutely, it not appearing from the will that this specific property was included in the property later directed to be held in trust.   This gift of property absolutely to the son negatives the idea of the testatrix's creating a "spendthrift trust."   As stated in *Munford* v. *Peeples,* 152 *Ga.* 31, 45 (108 S. E. 454) : "We know of no presumption in such circumstances in favor of a spendthrift trust; and if testator had so intended, it would have been an easy matter for him to have said so.   But he has failed to say so expressly.   It may be that he created the trust for an entirely different reason, but that is left entirely to conjecture.   Whatever the reason for creating this trust, if it is done contrary to law, and made for one sui juris, and con-

trary to public policy, the intention of the settler must yield to the rule of law which prohibits the creation of trusts for one sui juris."

Irrespective of whether the trust can be construed as a spendthrift trust, we think that the court committed no error in holding the trust provision of the will invalid.

It is urged by the plaintiff in error that a spendthrift trust is prima facie valid, and the burden was on the son to show that he was sui juris and capable of managing the property, that no evidence was offered on the trial, and therefore the son failed to carry the burden of proof, and the court was unauthorized to find that the son is sui juris and capable of managing the property.

The bill of exceptions recites that by consent of all parties the case came on regularly for trial before the trial court, without the intervention of a jury; that there was attached to the original petition a copy of the will; that "there was no extraneous evidence introduced by either party, it being agreed by all parties that the copy of said will attached to said petition was a true and correct copy of the will in question; that upon consideration of said case and upon the pleadings therein (including a copy of said will attached to the petition as an exhibit) the court rendered . . a decree." Therefore it appears from the bill of exceptions that by consent of the parties the case was submitted to the trial court solely on the pleadings. The verified answer of the son contains allegations to the effect that he is sui juris and capable of managing the estate; that he is twenty-six years of age, attended a business college, and is a graduate of Tennessee School for the Deaf. The petition is silent on this point. For these reasons the court was authorized to find that the son was sui juris and capable of managing the estate.

■ The trial court did not err in holding that the administrator has no power to sell the real estate except for the purpose of paying debts. "The mere lodgment of a discretionary power of sale in an executor can not destroy an essential quality of the estate in fee of a devisee, where there are no debts or necessity of sale." *Thomas* v. *Owens,* 131 *Ga.* 248, 257 (62 S. E. 218). "This power of sale. conferred upon the executrix is a naked one, and must be held to have been conferred for the purpose of enabling the executrix to sell . . for the payment of debts or for distribution

among the devisees. It would be an abuse of discretion for the executrix to exercise this power at an inopportune time . . when this was in no wise necessary for the payment of debts or for distribution among the devisees." *Calbeck* v. *Herrington,* 169 *Ga.* 869, 876 (152 S. E. 53).

Although the will in the instant case gives to the executor named therein a power of sale, at either public or private sale, without an order of the court, it is evident from the provisions of the will that it was the intention of the testatrix that the property (except the boarding-house located at 1266 West Peachtree Street, which has already been sold) should be held together and not sold until after the death of the testatrix's mother. A contrary construction of the will might have the effect of destroying Item 5 of the will, which directs that the testatrix's former husband be left in charge of the boarding-house at 855 Peachtree Street, and be paid the sum of "$100 per month with living privileges so long as he remains in active charge of said boarding-house business at said place." By Item 6 of the will it is made evident that the "sale" of the property contemplated by the testatrix was to occur after the death of the testatrix's mother, and then for the purposes of carrying out the trust provisions of the will, which the court held to be invalid.

For these reasons, the court did not err in the rulings relative to the power of sale conferred by the will.

■ The point is made that the court erred in directing in the decree that the administrator pay to the defendant's counsel $300, deducting this amount from the share of the estate going to the son. We deem it unnecessary to decide whether the court erred in this respect, for if it be error, it was not such error as was harmful to the plaintiff in error. The administrator holds in his hands the proceeds of the sale of a boarding-house, one half of which he was directed under the decree to pay immediately to the defendant. It would appear that it would be a simple matter for the administrator to deduct this attorney's fee from this share of the estate, which is immediately payable to the defendant.

*Judgment affirmed. All the Justices concur.*