19569. DOUGLAS *v.* SUMNER.

Submitted January 14, 1957—Decided March 12, 1957.

*Emory L. Rowland,* for plaintiff in error.

*W. C. Brinson,* contra.

HEAD, Justice. ■ In the present case, the plaintiff's testimony was so vague and contradictory that it is impossible to determine upon which of two theories (each contradictory of the other) he sought to rely for a cancellation of the deed. By amendment he alleged that for several months prior to the execution of the deed, and at the time of its execution, he was not mentally capable of executing a deed by reason of intoxication.

"A contract made by a drunken person is not void, though the intoxication be brought about by the other party, but is merely voidable at his election, and may be ratified by him expressly or by conduct inconsistent with its rescission." Code § 20-207.

Upon direct examination, the plaintiff testified that, at the time he executed the deed, he did not realize that he was passing title to the defendant. He testified that he did not have any intention of passing title to her, and upon being asked, "Why did you sign the deed then?", he replied, "She was to hold the place for a few days, few weeks, and turn it back." On cross-examination, the plaintiff testified that he went to the office of the person preparing the deed; that the defendant was not with him; that he furnished the information to the author of the deed for its preparation; that, after it was executed, he took it to the defendant, to the residence of one Mr. Alderman; that he gave it to her and told her to have it recorded; that she gave it back to him and told him that, if he wanted it recorded, to do so; that he then took the deed to the clerk's office, had it recorded, paid the recording fee, and delivered it to the defendant.

The plaintiff's testimony with reference to the execution of the deed not only fails to affirmatively make an issue of fact as to intoxication at the time, but on the contrary, completely negatives such a theory.

The plaintiff's testimony was insufficient to show a failure of consideration for the deed.

■ "All express trusts shall be created or declared in writing." Code § 108-105. The plaintiff did not testify to any fact tending

to show an express trust between the parties. While it has been held that a valid trust may be created in writing for a person who is sui juris where there is a remainder over (*Budreau* v. *Mingledorff*, 207 *Ga.* 538, 63 S. E. 2d 326), the plaintiff did not testify to any fact showing, or tending to show, the execution of such a trust.

The plaintiff did not allege, or testify to, any act of fraud or fraudulent conduct on the part of the defendant, and did not otherwise testify to any fact that would bring the transaction between the parties within the rules of an implied trust as defined by Code § 108-106. His testimony, that he did not know what he was doing at the time he executed the deed, and that he did not intend to convey title to the defendant, negatives any intention on the part of the plaintiff to establish a trust of any kind for his own benefit, which generally can not be done solely for the benefit of a person of lawful age, laboring under no legal disability. *Gray* v. *Obear*, 54 *Ga.* 231; *Armour Fertilizer Works* v. *Lacy*, 146 *Ga.* 196 (91 S. E. 12); *Hoffman* v. *Chester*, 201 *Ga.* 447, 451 (39 S. E. 2d 857).

"The testimony of a party who offers himself as a witness in his own behalf is to be construed most strongly against him when it is self-contradictory, vague, or equivocal." *Southern Ry. Co.* v. *Hobbs*, 121 *Ga.* 428 (49 S. E. 294); *Davis* v. *Akridge*, 199 *Ga.* 867, 868 (2) (36 S. E. 2d 102); *Partain* v. *King*, 206 *Ga.* 530 (57 S. E. 2d 617). The plaintiff's testimony in the present case falls squarely within this rule, and it was not error for the trial judge to grant a nonsuit at the conclusion of his testimony, there being no other testimony offered on behalf of the plaintiff.

*Judgment affirmed. All the Justices concur.*