A92A1279. POPE v. HENDLEY.
(426 SE2d 607)

ANDREWS, Judge.

Hendley filed a dispossessory action against Pope alleging that Pope was a tenant without right to remain in possession of the property at issue, and seeking a writ of possession directing that he be given possession of the premises. Pope appeals from the order of the trial court granting summary judgment in favor of Hendley.

Pope defended the action by claiming that she was not a tenant holding over, but was the beneficiary of an implied trust by which she acquired a life estate in the real property at issue. The following facts are undisputed: In January 1988, Pope conveyed a tract of land by warranty deed to Genesis Professional Management, Inc. (Genesis). The house in which Pope resided was located on a portion of the deeded tract. The deed did not contain a reservation of a life estate to

the house or any other portion of the tract. Pope continued to reside in the house after the sale, and paid no rent. In April 1991, Genesis sold the tract on which the house was located to Hendley, who thereafter filed the dispossessory action against Pope.

In dispute is Pope's claim that she acquired a life estate in the house. Pope contends that prior to the January 1988 purchase Genesis orally agreed that she could live in the house rent free for the remainder of her life. Hendley claims that although he was aware Pope resided in the house when he bought the property, he was informed by Genesis that Pope was a tenant. Hendley filed affidavits showing that the president of Genesis met with Pope in January 1988 to discuss the purchase of the property, and agreed that, because of Pope's financial difficulties, she could remain in the house after the sale without paying rent for the first year, but that rent would be charged thereafter at the rate of $200 per month. The affidavits further stated that Pope continued to reside on the property after the Genesis purchase; that she never paid any rent; that in March 1990, Pope was informed that Genesis was selling the property, and that she could remain in the house until the property was sold. The record further reflects that in April 1988, Pope filed a bankruptcy petition in the United States Bankruptcy Court in which she alleged under oath that she had no interest in real property, and owed rent on her residence at the rate of $200 per month.

The Georgia Trust Act, OCGA § 53-12-1 et seq., provides that an implied trust is either a resulting trust or a constructive trust. OCGA § 53-12-90; see *Eason v. Farmer*, 261 Ga. 675, 676 (409 SE2d 509) (1991). (As of July 1, 1991, the Georgia Trust Act became applicable to any trust regardless of the date it was created unless application would impair vested rights, or unless otherwise provided by law. OCGA § 53-12-3.) The present facts do not support implication of either a resulting or a constructive trust in favor of Pope. See OCGA §§ 53-12-91 (resulting trusts); 53-12-93 (constructive trusts). Although Pope contends that when she conveyed legal title to the property, an oral agreement was reached for her to retain a life estate, her sworn statements in the bankruptcy petition filed subsequent to the sale indicate that she was a tenant holding no such interest in the property, and contradict her present contentions. Although evidence is to be construed against the movant on summary judgment, an exception to this requirement provides that a non-moving party's testimony is to be construed most strongly against her when it is contradictory, vague or equivocal. *Prophecy Corp. v. Charles Rossignol, Inc.*, 256 Ga. 27, 30 (343 SE2d 680) (1986). This exception is not limited to testimony given by the non-moving party in the case before the court. *Hudgens v. Broomberg*, 262 Ga. 271-272 (416 SE2d 287) (1992). If a reasonable explanation is offered by the non-moving party to explain the contra-

diction, the testimony will not be adversely construed. *Prophecy Corp.*, supra at 30. Whether or not such testimony is contradictory, and whether the non-moving party has carried the burden of offering a reasonable explanation is an issue of law for the trial judge on summary judgment. Id. at 30; *Thacker v. Matthews Tuxedo*, 183 Ga. App. 474, 475 (359 SE2d 231) (1987).

Pope offered no reasonable explanation for the contradiction, and the trial judge properly construed the contradictory testimony against her. The evidence so construed authorized the trial judge to conclude as a matter of law that Pope occupied the house as a tenant after conveying title to the property, and that no implied trust creating a life estate was shown. See *Taylor v. Aetna Life Ins. Co.*, 235 Ga. 630 (221 SE2d 45) (1975).

*Judgment affirmed. Birdsong, P. J., and Beasley, J., concur.*

DECIDED DECEMBER 1, 1992 —
RECONSIDERATION DENIED DECEMBER 16, 1992

*Bush, Wallace & Craig, Daniel J. Craig*, for appellant.
*R. Hubert Reeves III*, for appellee.