A97A0115. SHIVER v. NORFOLK-SOUTHERN RAILWAY COMPANY.
(484 SE2d 503)

ELDRIDGE, Judge.

Appellant, Donny Shiver, was working as a brakeman on Job # 65, doing local freight switching on August 7, 1990. Appellant was injured while attempting to assist in the coupling of freight cars.

On October 2, 1990, B. E. Hooker, Claims Agent for Georgia Southern & Florida Railway Company, interviewed appellant at his home and tape recorded the interview with appellant's permission; the recording was played back to appellant, and appellant stated that the statement was accurate and he did not desire to make any changes. Appellant stated that at Weyerhauser Lee, when he went to couple the engine with its knuckle open to the car, the knuckle and drawhead were mismatched; appellant then attempted to open the knuckle on the boxcar by pulling on the cut lever; he held the pin up at the same time that he attempted to open the knuckle and was pushing the drawhead when he felt pain in his back. He made no mention of a failure of the automatic coupler to work or any previous attempt to couple the engine to this boxcar prior to his injury. In fact, he indicated that the coupling had occurred properly. Appellant stated that there was no defect in the drawhead but that it was stiff and dry from lack of lubrication.

On June 13, 1996, appellant by affidavit stated that on August 7, 1990, he hurt himself attempting to align the drawbar after a failed coupling attempt between the boxcar and the switch engine. Appellant stated that prior to the failed attempt to couple, the drawbar had been properly aligned, and the knuckles were in proper arrangement for a successful coupling and that the automatic coupler failed to work properly to couple. Appellant stated that his injury occurred while he was attempting to realign the drawbars and to reposition the knuckles in order to make them work. During appellant's deposition taken on December 30, 1991, he testified the same way as in his affidavit.

The affidavits of Clarence Penn Eanes, foreman, and Stephen F. Califf, a car inspector, stated that they made a full inspection on August 7, 1990 of the boxcar in question immediately after appellant reported his injury and found that the couplers, drawheads and attachments were in good condition and had no defects.

The complaint for injuries under the Federal Employers' Liabil-

ity Act (FELA) was filed on May 13, 1991. The complaint was twice amended. Motion for summary judgment was filed on May 20, 1996. The motion for summary judgment was granted on July 25, 1996. Notice of appeal was filed on August 19, 1996.

1. Appellant's second enumeration of error is that the trial court erred in granting summary judgment on appellant's Safety Appliance Act claim. This enumeration of error will be addressed first because it more sharply raises the fundamental problem with appellant's case, which is that at an interview closer in time to the incident, appellant voluntarily made an extensive statement regarding how he was injured which totally contradicts his later sworn testimony after suit, without any explanation of such conflict being made by him.

Under the Federal Safety Appliance Act, 45 USC § 53, and more particularly the Automatic Coupler Act, 45 USC § 2, the failure of properly aligned and positioned drawheads and knuckles to automatically couple on the first attempt makes the employer strictly liable for any resulting injury; however, if the railroadman fails to properly align the couplers prior to the initial coupling attempt, and the automatic coupling fails, then such failure does not constitute a defect within the ambit of the act. *Norfolk & Western R. Co. v. Hiles*, 516 U. S. __ (116 SC 890, 134 LE2d 34) (1996); see also *Affolder v. New York &c. R. Co.*, 339 U. S. 96 (70 SC 509, 94 LE 683) (1949).

Under the existing federal law, if there was a misalignment of the drawheads and closed knuckles prior to the first attempt to couple and there was no attempt to correct the condition, then there exists no defect under the act when the automatic coupling fails. Appellant's statement of October 2, 1990, setting forth the facts of the August 7, 1990 injury does not state that there was a failed coupling attempt prior to appellant's going between the cars to reposition the knuckle and drawhead, but states that the injury occurred as appellant was initially positioning the knuckle and drawhead for the coupling, which automatically coupled. Such facts do not give rise to a defect within the Safety Appliance Act and, in fact, show the injury preceded the coupling. The complaint, as well as appellant's affidavit and deposition, state unequivocally that there were *two* coupling attempts; that the first attempt failed, despite the proper alignment of the drawheads and knuckles; and that appellant, only then, went between the cars to manually realign the failed automatic coupling and was injured. Appellant offers no explanation for the totally different statements: the first provides a complete defense to the employer, and the second provides no defense but, instead, strict liability under the Safety Appliance Act.

"The rule in Georgia is that testimony of a party who offers himself as a witness in his own behalf at trial ' "is to be construed most

strongly against him when it is self-contradictory, vague or equivocal." ' *Douglas v. Sumner*, 213 Ga. 82, 85 (97 SE2d 122) (1957); *W & A Railroad Co. v. Evans*, 96 Ga. 481 (23 SE 494) (1895). Where the favorable portion of a party's self-contradictory testimony is the only evidence of his right to recover or of his defense, the opposing party is entitled to a directed verdict. *Douglas v. Sumner*, supra. . . . Early on the courts determined that if on motion for summary judgment a party offered self-contradictory testimony on the dispositive issue in the case, and the more favorable portion of his testimony was the only evidence of his right to a verdict in his favor, the trial court must construe the contradictory testimony against him. This being so, the opposing party would be entitled to summary judgment. The courts reasoned that this is the correct result because if the case went to trial under the same evidence, the party offering the self-contradictory testimony would have a verdict directed against him. *Dykes v. Hammock*, 116 Ga. App. 389 (157 SE2d 524) (1967). Once the trial court has eliminated the favorable portions of the contradictory testimony, it must take all testimony on motion for summary judgment '*as it then stands*, and construe it in favor of the party opposing the motion in determining whether summary judgment should be granted.' *Chandler v. Gately*, 119 Ga. App. 513, 514 (167 SE2d 697) (1969). The courts concluded that this rule must necessarily be applied to summary judgment proceedings, otherwise, 'any opposing party may, by the simple device of filing conflicting affidavits, get the motion denied. The temptations to perjury are greater in this situation than in a jury trial. . . . The conflict can easily be avoided. A party knows what he has sworn. If he has discovered error, it can be explained in his affidavit.' *Chandler* [*v. Gately*, supra] at 523. . . . *Burnette Ford v. Hayes*, [227 Ga. 551 (181 SE2d 866) (1971)], states the general rule that on motion for summary judgment all evidence is to be construed against the movant. . . . We conclude therefore that both *Chambers v. C & S* [*Nat. Bank*], 242 Ga. 498 (249 SE2d 214) (1978), which applied the contradictory testimony rule to a motion for summary judgment, and *Combs v. Adair Mortgage Co.*, 245 Ga. 296 (264 SE2d 226) (1980), which distinguished *Chambers* from *Burnette Ford*, were correctly decided. Accord *King v. Brasington*, [252 Ga. 109 (312 SE2d 111) (1984)]." (Footnote omitted; emphasis in original.) *Prophecy Corp v. Charles Rossignol, Inc.*, 256 Ga. 27, 28-30 (1) (343 SE2d 680) (1986).

The trial court in the case sub judice determined that the testimony was contradictory as to the facts that would entitle appellant to recover within the meaning of *Prophecy Corp. v. Charles Rossignol, Inc.*, supra at 30 (2).

"The standard to be applied is: (1) determine whether the testimony of the party is contradictory, (2) if a reasonable explanation is

offered for the contradiction, that testimony will not be construed against the party, (3) the burden is on the party giving the testimony to offer a reasonable explanation, and (4) whether this has been done is an issue of law for the trial judge." *Thacker v. Matthews Tuxedo,* 183 Ga. App. 474, 475 (359 SE2d 231) (1987). It must be inferred that the trial court went through such analysis prior to granting summary judgment where no such explanation appears in the record, and the conflict goes to the essential facts required to support appellant's cause of action. Thus, the trial judge did not err.

*Combs v. Adair Mtg. Co.,* supra at 297, in explaining *Chambers v. C & S Nat. Bank,* supra, held that "[t]he holding in *Chambers* does not lighten the burden upon the movant for summary judgment nor does it add any additional weight to the burden upon the responding party. *Chambers* simply reiterates the long recognized and established rule that any party testifying in his own behalf is held to a strict standard of candor and responsibility for his own statements and has no right to be intentionally or deliberately self-contradictory. The effect of the *Chambers* holding is that if a party testifying in his own behalf intentionally or deliberately contradicts himself, the more favorable portion of the contradictory testimony shall be treated as though it did not exist."

The Supreme Court, in *Hudgens v. Broomberg,* 262 Ga. 271 (416 SE2d 287) (1992), held that the contradictory testimony rule applies to any prior testimony and not merely to testimony given at the trial of the case. See *Pope v. Hendley,* 206 Ga. App. 773, 774 (426 SE2d 607) (1992).

2. The first enumeration of error is that the trial court erred in granting summary judgment on appellant's FELA claim.

The existence of the alleged hazardous work practices and poor equipment maintenance relies exclusively on appellant's testimony, which is also in conflict as to such facts. This issue is controlled by Division 1 of this opinion. We find that the trial judge did not err in granting summary judgment.

*Judgment affirmed. Birdsong, P. J., and Ruffin, J., concur.*

DECIDED MARCH 4, 1997 —
RECONSIDERATION DENIED MARCH 18, 1997 — ▮

*Burge & Wettermark, F. Tucker Burge, Tom W. Thomas,* for appellant.

*J. Converse Bright,* for appellee.