**FOURTH DIVISION**
**DILLARD, C. J.,**
**MCFADDEN, P. J. and SELF, JJ.**

**NOTICE: Motions for reconsideration must be** *physically received* **in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**February 23, 2018**

# In the Court of Appeals of Georgia

A17A0873. POTTS et al. v. RUEDA et al.

McFADDEN, Presiding Judge.

James Potts and two limited liability companies bearing his name filed suit against Edward Rueda and Courtney Lewis, asserting various contract and tort claims. Rueda counterclaimed for breach of an oral partnership agreement. The trial court denied Potts and the companies' motion for summary judgment as to the counterclaim and granted Rueda's motion seeking appointment of an auditor. Potts and the companies appeal, challenging those two trial court rulings. Because there exist genuine issues of material fact as to the existence of a partnership and there has been no showing that the trial court abused its discretion in granting the request that an auditor be appointed, we affirm.

1. *Summary judgment.*

Potts and the companies argue that the trial court erred in denying summary judgment on Rueda's counterclaim because there is no evidence that a partnership existed. We disagree.

> On appeal from a grant or denial of summary judgment, we conduct a de novo review, and we view the evidence and the inferences drawn from it in the light most favorable to the nonmoving party. A defendant demonstrates entitlement to summary judgment by showing that the record lacks evidence sufficient to create a jury issue on at least one essential element of the plaintiff's case. The defendant does not need to affirmatively disprove the plaintiff's case, but may prevail simply by pointing to the lack of evidence. If the defendant does so, the plaintiff cannot rest on his pleadings, but must point to specific evidence that gives rise to a triable issue of fact.

*Keisha v. Dundon*, ___ Ga. App. ___ (Case No. A17A1534, decided January 22, 2018) (citation and punctuation omitted).

Here, Rueda pointed to specific evidence showing the existence of an oral partnership agreement between him and Potts. See *McMillian v. McMillian*, 310 Ga. App. 735, 736 (1) (713 SE2d 920) (2011) (oral partnership agreement can be effective); *Asgharneya v. Hadavi*, 298 Ga. App. 693, 697 (4) (680 SE2d 866) (2009) (partnership may be formed by oral agreement); *Vitner v. Funk*, 182 Ga. App. 39, 42-43 (2) (354 SE2d 666) (1987) (partnership may be created by a written or oral contract). In response to the motion for summary judgment, Rueda testified by

2

affidavit that he and Potts had entered into an oral partnership agreement, the terms of which included each partner having a 50 percent equity stake in the partnership, the partners sharing equally in the expenses and revenues of the partnership, and the two partners making equal cash contributions to the partnership. Rueda also pointed to evidence showing that he had contributed over $63,000 to the partnership and he testified that Potts had held him out to third parties as his partner.

Potts and the companies contend that Rueda's affidavit testimony contradicts testimony he gave in a another case and thus it must be construed against him under the contradictory testimony rule set forth in *Prophecy Corp. v. Charles Rossignol, Inc.*, 256 Ga. 27 (343 SE2d 680) (1986). See *Hudgens v. Broomberg*, 262 Ga. 271 (416 SE2d 287) (1992) (*Prophecy* rule concerning contradictory testimony applies to prior testimony given in another case and not merely to testimony given in the current case); accord *Shiver v. Norfolk-Southern Ry.*, 225 Ga. App. 544, 547 (1) (484 SE2d 503) (1997) ("The Supreme Court, in *Hudgens*[, supra], held that the contradictory testimony rule applies to any prior testimony and not merely to testimony given at the trial of the case."). The contention is without merit.

> In *Prophecy*, the Supreme Court of Georgia announced a general rule for construing contradictory testimony made by a summary judgment respondent: When a party has given contradictory testimony,

3

and when that party relies exclusively on that testimony in opposition to summary judgment, a court must construe the contradictory testimony against [him]. In such a case, the court must disregard the favorable portions of the contradictory testimony and then decide whether the remaining evidence is sufficient to get by summary judgment. For purposes of the *Prophecy* rule, testimony is contradictory if one part of the testimony asserts or expresses the opposite of another part of the testimony. However, contradictory testimony is not to be construed against a party if [he] offers a reasonable explanation for the contradiction.

*State Farm Mut. Auto. Ins. Co. v. Fabrizio*, ___ Ga. App. ___ (Case No. A17A1446, decided January 16, 2018) (citation and punctuation omitted).

Contrary to the appellants' contention, the testimony given by Rueda in the other case did not contradict his affidavit in this case. In the other case, Rueda repeatedly testified that he and Potts were partners, that they had entered into an oral partnership agreement, and that he had made financial contributions to the partnership. As the appellants point out, during that testimony, Rueda was questioned about an email in which he had referred to himself as a sole proprietor. But Rueda explained that the email was taken "completely out of context" from a series of emails in which he had indicated he was a partner in a law firm. Rueda testified that the use of the email out of context was an attempt to give the "wrong impression" and he reiterated that he and Potts had formed a partnership.

Because the email was not a sworn statement, the *Prophecy* rule does not apply to it. See *Pierre v. St. Benedict's Episcopal Day School*, 324 Ga. App. 283, 289 (3) (750 SE2d 370) (2013) (*Prophecy* rule applies only to contradictions in a party's sworn testimony and does not apply to unsworn statements). Our Supreme Court has held

> that a witness under oath who testifies that an unsworn statement is true and accurate [thereby] incorporates the earlier statement into his present, sworn testimony. When a contradiction exists between an unsworn statement that a party has incorporated into his sworn testimony and other portions of that party's sworn testimony, courts should apply the rule articulated in *Prophecy* to resolve any contradiction that involves a material fact.

*CSX Transp. v. Belcher*, 276 Ga. 522, 524 (1) (579 SE2d 737) (2003).

Here, Rueda did not testify that the "sole proprietor" statement in the email was true and accurate; rather, as set out above, he explained that the statement had been taken out of context in order to give the wrong impression. Thus, he did not incorporate that statement into his sworn testimony in the other case. Moreover, he never testified in that other case that he and Potts were not partners or that they had not formed a partnership. On the contrary, as in his affidavit, he unequivocally testified in the prior case that they were partners. Accordingly, because Rueda did not give contradictory testimony, the *Prophecy* rule does not apply and "[w]hen viewed

5

in the light most favorable to [Rueda, his affidavit] testimony is sufficient proof of [an oral partnership agreement] to get [him] past summary judgment." *Bradley v. Winn-Dixie Stores*, 314 Ga. App. 556, 559 (724 SE2d 855) (2012) (citations omitted).

We note that the appellants have pointed to other evidence to support their additional arguments that no oral partnership existed. However, any such conflicts created by such evidence merely support the finding that there are genuine issues of material fact as to the existence of a partnership. Accordingly, the trial court did not err in denying the appellants' motion for summary judgment.

2. *Order granting request for an auditor.*

The trial court entered an order granting Rueda's motion requesting appointment of an auditor, directing that "[b]oth parties shall submit the names of 3 auditors to the [c]ourt within 20 days of this order." Citing *Petrakopoulos v. Vranas*, 325 Ga. App. 332 (750 SE2d 779) (2013), the appellants claim that this order must be reversed because it failed to include certain provisions required by Uniform Superior Court Rule ("USCR") 46. But the appellants' reliance on *Petrakopoulos* is misplaced.

In *Petrakopoulos*, the trial court entered an order naming and appointing a "Receiver/Special Master." Id. at 335. However, this court found that the trial court

6

did not intend to appoint a receiver and instead "actually intended to appoint [the named attorney] in the capacity of an auditor and/or a special master to assist the trial court in determining the issues in the case." Id. at 338 (2). This court noted that "under OCGA § 9-7-1, the duties previously performed by a 'master' in the superior court are now performed by an 'auditor,' although [USCR] 46, which was adopted effective June 4, 2009, permits the trial court to appoint a special master to perform certain duties enumerated therein." Id. at 337 (2) (citation and punctuation omitted). This court further explained that USCR 46 requires that an order appointing a special master "must also contain specific enumerated provisions. For example, the order must set forth, among other things, the special master's duties, specific limits on the special master's authority, and standards for reviewing the special masters orders, findings, and recommendations." Id. at 338-339 (2) (citations and punctuation omitted). Because the order appointing a special master in that case did not address all the mandated issues, this court found that the order was "subject to reversal based upon its failure to comply with USCR 46." Id. at 339 (2).

In the instant case, unlike in *Petrakopoulos*, the trial court did not enter an order actually naming and appointing an auditor and/or special master. Rather, the order at issue here simply granted the request for an auditor and directed the parties

7

to submit the names of three possible auditors from whom the trial court could eventually make an appointment. Because the order did not actually appoint an auditor and/or special master, it did not need to address all the matters mandated by USCR 46. Accordingly, the appellants have failed to show an abuse of discretion by the trial court. See *Petrakopoulos*, supra at 336 (2) (we review a trial court's decision to appoint an auditor and/or special master for an abuse of discretion).

*Judgment affirmed. Dillard, C. J., and Self, J., concur.*