## GOODMAN *v.* SPURLIN.

1. A written option without consideration, for the sale of land, may be withdrawn or revoked before its acceptance.

2. Under the law and facts of this case the verdict was not demanded, and there was no abuse of discretion in granting a new trial for the first time.

Argued July 22,—Decided November 21, 1908.

Eviction. Before Judge Reagan. Fayette superior court. November 7, 1907.

Blalock & Culpepper and Daley & Chambers, for plaintiff in error. J. W. Wise, contra.

EVANS, P. J. Spurlin as landlord sued out a dispossessory warrant against Goodman as a tenant holding over. Goodman filed the statutory counter-affidavit, and also set up that he had purchased the land from Spurlin. The jury returned a verdict for the defendant, which was set aside on a motion for a new trial. The discretion of the judge in the first grant of a new trial will not be disturbed unless the verdict was required under the law and the facts. The plaintiff made out a prima facie case. The defendant offered testimony tending to show that the landlord during the tenancy verbally agreed to sell him the land for $1,500, due in installments, the first payment to be made November 1, 1906, or the whole purchase-price might be paid by that time; that at his request the landlord, on June 16, 1906, put this proposal in writing in the form of a letter addressed to A. O. Blalock, who had promised the tenant to furnish the purchase-money; that on September 3, 1906, the landlord in a letter to his tenant withdrew his proposal to sell the land for $1,500, but offered therein to sell for $1,850; that on October 30, 1906, the landlord in a conversation with the tenant, after denying that he had proposed to sell the land for $1,500, upon being shown his letter of June 16, admitted having made the offer at $1,500, and expressed his willingness to stand up to it; that upon being presented, on the afternoon of that day, with a deed for execution, he declined to sign it, because the consideration as expressed therein was $1,500; and that on November 1, 1906, Mr. Blalock for the tenant tendered $1,500 to the landlord, who declined it. The landlord denied making any parol contract of sale, denied the conversation alleged to have taken place between him and his tenant on October 30, and denied that the purchase-price had been tendered.

The theory of the defendant's case is that his possession after the expiration of his tenancy was that of equitable owner of the land under a contract of purchase, made with the landlord pending the tenancy. But the evidence on which he relies to show ownership is insufficient. The letter of June 16th was but a proposal of sale, a mere option, founded upon no consideration, and revocable at any

time before acceptance in such manner as would make it binding on the holder of the option. *Black* v. *Maddox*, 104 *Ga.* 157 (30 S. E. 723) ; *Litz* v. *Goozling*, 93 Ky. 185 (19 S. E. 527, 21 L. R. A. 127, and cases cited in the note thereto). It is such acceptance which gives mutuality to the contract. Prior to the letter of September 3, wherein the landlord revoked the option, it does not appear that the tenant had accepted the proposal of sale by any act of his which would have raised a legal obligation on him to comply with its terms. The landlord therefore had a right to withdraw his proposal. The tender of the purchase-price after the revocation of the option was without avail.

There was something said by the tenant in his testimony about certain improvements which he claimed to have made on the faith of his option to buy. Their character and value did not appear, nor was it shown whether they were made before or after the revocation of the option. Besides, the landlord denied that any improvements had been made by the tenant.

Nor is it necessary to inquire what effect a parol republication of the option would have, as there was a conflict of evidence as to this. The law and the facts did not demand the verdict, and there was no abuse of discretion in granting a new trial.

*Judgment affirmed. All the Justices concur.*