WILSON *v.* FULTON NATIONAL BANK, trustee, *et al.*

No. 12928.    SEPTEMBER 15, 1939.

*LE*

694

A. E. Wilson and Frank L. Neufville, for plaintiff.

Hirsch & Smith, A. S. Clay, L. W. Camp, and D. T. Pye, for defendants.

GRICE, Justice. ■ Error is assigned on the disallowance of an amendment offered by the plaintiff, in which it was asserted that the written agreement was void because it was in effect testamentary and was not executed with the formality required. The plaintiff relies on Daniel v. Veal, 32 Ga. 589. That decision announces the general principle that if from the terms of the instrument it appears that the donor intended that the title to the property specified should remain in him until his death, and then pass to the donee, it is a testamentary paper, whatever be its form. The facts were that Daniel signed an instrument wherein he undertook to convey to Veal a negro slave. It contained the following clause: "If the said Harriet [the slave] should die previous, then the son to have all, hereby reserving to myself the right of revoking this deed of gift." The slave was advertised for sale, after Daniel's death, as the property of his estate, and Veal filed a claim. The court held, first, that the instrument was a deed. Answering the argument there made that the reservation of the power to revoke showed the instrument to be a memorandum of a loan and not of

a gift, the court said: "It will be observed that by this clause the donor treats the instrument not as a memorandum of a loan, nor yet as a will, but as *'deed of gift,'* and we have already indicated that in effect we think he correctly characterized it; that it as effectually passed the title to the slave as a technical deed of gift would have done. It is an admission of a *perfect gift,* and an attempted reservation of the power to revoke." It was further held that the instrument was valid as a deed, but that the attempted reservation of a right to revoke was void. The writing involved in the instant case was a deed. The power of revocation did not make it testamentary in character. "So likewise the settlor may by express provision vest in himself a power to revoke or cancel the trust at will, or on the happening of a certain contingency. He may provide that he shall have the right to buy back the trust property at a valuation, if a certain event happens. Such a reservation of a power to revoke does not affect the validity of the trust. It merely makes the interests of the trustee and cestui defeasible at the desire of the settlor. As previously shown, this power alone does not change an inter vivos transaction into one of testamentary effect. . . That a settlor inserts a power to revoke shows that he regards the trust as non-testamentary, since wills are by their very nature ambulatory and revocable without express provision therefor." Bogart, Trusts and Trustees, 2900, § 994.

■ Under the pleadings and the evidence, the trial court submitted but a single issue to the jury, to wit, the mental capacity of the donor. The motion for new trial complains of certain portions of the judge's charge, and also of his failure to charge. No new principle is involved in any of these grounds, and it would serve no useful purpose to treat them in detail. None of them present any reason for the grant of a new trial. The charge was full and fair.

■ *The evidence was sufficient to sustain the verdict.

*Judgment affirmed. All the Justices concur, except Reid, C. J., disqualified.*