McKOWN *v.* HEERY.

No. 15453.   MAY 10, 1946.   REHEARING DENIED JUNE 6, 1946.

*G. H. Howard, Thomas L. Slappey* and *Wesley G. Bailey,* for plaintiff.

*B. L. Milling* and *Mitchell & Mitchell,* for defendant.

HEAD, Justice. (After stating the foregoing facts.) 1. There is no merit in the contention that the option to purchase is void because it is without consideration, since under the terms of the contract the optionee was to pay a specified sum per month as rental. Such payment would be sufficient consideration to support the option, which is part of the same contract. *Walker* v. *Edmundson,* 111 *Ga.* 454 (36 S. E. 800); *Turman* v. *Smarr,* 145 *Ga.* 312 (3), 314 (89 S. E. 214); *Crawford* v. *Smith,* 151 *Ga.* 18 (105 S. E. 477); *Pope* v. *Read,* 152 *Ga.* 799, 802 (111 S. E. 382).

The present case is distinguishable from *Goodman* v. *Spurlin,* 131 *Ga.* 588 (62 S. E. 1029), where the option to purchase was not part of a lease, recited no consideration, and there was no acceptance by the optionee before the option was withdrawn.

■ "Where the covenant gives the lessee the option to purchase at any time for a specified sum, he may exercise the option at any time within the term of the lease." 3 Thompson on Real Property, 490, § 1329. In the absence of a specified date for exercising the right of purchase, the option will be construed as operative for the term of the lease or renewal thereof, and such option would not be void as containing no time limit within which the right to purchase might be exercised. A lease agreement for a specified term of two years, containing in addition provisions for the purchase of the property, which lease and option agreement were renewed, it is contended, by action of the parties thereto for a like term of two years, would not be violative of the rule against perpetuities. In *Turner* v. *Peacock,* 153 *Ga.* 870 (113 S. E. 585), cited by counsel, where a deed contained the clause that the grantor did "sell unto [the named grantee] its successors and assigns, his good will and the perpetual right, option, and privilege to purchase an additional fifty acres of land," such agreement was held to be in violation of the rule against perpetuities. *Turner* v. *Peacock,* supra, is clearly distinguishable on its facts from the present case.

■ "In a suit by the purchaser for specific performance of a contract for the sale of land, it should be made to appear that before institution of the action the plaintiff had paid or tendered the purchase-money according to the contract, or that such had been waived by the defendant." *Roberts* v. *Mayer,* 191 *Ga.* 588 (13 S. E. 382). In the instant case it is not alleged that the plaintiff "tendered" to the defendant the purchase-price of the property. It is alleged only that "he called upon defendant to execute to him a warranty deed to said property and made the offer to pay defendant the full sum of $4250 as agreed by said option of purchase." In *Payne* v. *Power,* 140 *Ga.* 758 (79 S. E. 771), this court held that, "An allegation of an offer to pay is not the equivalent of a tender." Even had the plaintiff alleged that he made "a tender," or "an unconditional tender," of the purchase-money, these allegations standing alone would not suffice, as against a demurrer, for it is incumbent upon the pleader to allege facts constituting a legal tender. As stated in *McGehee* v. *Jones,* 10 *Ga.* 127, 132, "If there is equity in this bill in other respects, it could not stand against the demurrer, because of the want of certainty in the averments relative to the tender. They are too vague. The general statement, that a tender was made, is not enough. It is as defective as a general averment of fraud. That a tender was made is a conclusion of the pleader, simply. He must state the facts which constitute a legal tender." The allegations of tender in the *McGehee* case were similar to those in this case; it being there alleged that "on the 9th March, 1850, he tendered to Abner McGehee . . the full amount of the balance of the judgment, and demanded titles from him, which he neglected and refused to make."

Clearly the allegations in the present case are insufficient to show a valid and unconditional tender. Accordingly, the trial court did not err in sustaining the general demurrer. And this is true although the court may, as stated by counsel, have sustained the demurrer on another theory. *Coker* v. *Atlanta,* 186 *Ga.* 473 (198 S. E. 74), and cit.

*Judgment affirmed.* *All the Justices concur.*