20094.   COOK *et al. v.* HORN *et al.*

ARGUED JUNE 9, 1958—DECIDED JULY 11, 1958.

*J. H. Napier, Ellsworth Hall, Bloch, Hall, Groover & Hawkins,* for plaintiffs in error.

*Hitch, Miller & Beckman, John E. Simpson, Smith & Undercofler, Hiram K. Undercofler,* contra.

WYATT, Presiding Justice. 1. It is first contended that, under the provisions of the trust instrument, the petitioners take a fee-simple interest in the trust fund rather than a life interest, and that, being sui juris and not spendthrifts (it being conceded by all parties that Code § 108-111.1 does not apply to this in-

strument), the trust is executed and the petitioners are entitled to have the corpus of the trust distributed to them. While there is language in certain paragraphs of the trust agreement which by themselves could be construed to enlarge the gift to these petitioners into a fee-simple interest, a consideration of all the instrument discloses that this was not the settlor's intent. He provided that the trust should be divided into as many parts as he had children, and that each child was to receive the proceeds from his or her trust for and during his or her natural life. This, without more, would, under the law prior to the enactment of Code § 108-111.1, amount to a gift of a fee-simple interest, the petitioners being sui juris and not spendthrifts. However, the settlor then provided remainders to the issue of his children upon the death of said children, and he set out in detail how the remainders were to be paid and administered. The language appearing in paragraphs F, G, and H of section V, considered in connection with the above, is not sufficient to override the clearly apparent intention of the settlor as determined from the whole instrument. Accordingly, as is held above, the petitioners took a life interest in the corpus of the trust estate with remainders to their issue, and the trusts are executory since the remaindermen will not be determined until the petitioners die.

2. (a) It is next contended that the instrument in question violates the rule against perpetuities, and that, since the limitations beyond the petitioners are void, they are entitled to have the property delivered to them. In order to determine this question, it is necessary first to determine when this instrument took effect, whether at the time it was executed and delivered, or at the death of the settlor. This question is settled by the decision of this court in *Wilson* v. *Fulton National Bank*, 188 *Ga.* 691 (4 S. E. 2d 660), where an instrument similar in all material respects to that here under consideration was held to create a valid trust, to convey a present interest, and not to be testamentary in character.

(b) It is contended that, if the trust instrument is effective to convey a present interest at the time it was executed and delivered, as is held above, then the limitations beyond the petitioners are void as violative of the rule against perpetuities, because there was a possibility at that time that the settlor

would have additional children born to him thereafter, by whose life the duration of the trust would be limited. This result does not necessarily follow. While there is a scarcity of authority on this question, and none that we have found in Georgia, the prevailing opinion by both the courts of other jurisdictions and recognized text writers is that, when a settlor has the power during his lifetime to revoke or destroy the trust estate for his own exclusive personal benefit, the question whether interests, or any of them, created by an instrument or deed of trust are void, because in violation of the rule against perpetuities, is to be determined as of the date of the settlor's death and not as of the date the instrument is executed and delivered. See Ryan v. Ward, 192 Md. 342 (64 Atl. 2d 258, 7 A. L. R. 2d 1078); Mifflin's Appeal, 121 Pa. 205 (15 Atl. 525, 1 L. R. A. 453, 6 Am. St. R. 781); Goesele v. Bimeler, 14 How. 589 (14 L. ed. 554); Manufacturer's Life Insurance Co. v. Von Hamm-Young Co., 34 Hawaii 288; Pulitzer v. Livingston, 89 Me. 359 (36 Atl. 635); City Bank Farmers Trust Co. v. Cannon, 291 N. Y. 125 (51 N. E. 2d 674, 157 A. L. R. 1424); Equitable Trust Co. v. Pratt, 117 Misc. 708 (193 N. Y. S. 152, affd. on opinion below 206 App. Div. 689); Gray, Rule Against Perpetuities, (4th ed.) 510, § 524; 45 Harv. L. Rev. 896; 51 Harv. L. Rev. 638; 86 Univ. of Pa. L. Rev. 221; Restatement of the Law, Property, § 373 and comments (c) and (d).

While none of these authorities is binding upon this court, the conclusion reached by them is in accord with the aim of and reason for the rule against perpetuities, which is to prevent the tying up of property for an unreasonable length of time and to prohibit unreasonable restraint upon the alienation of property. So long as the settlor of an inter vivos trust has the absolute right to revoke or terminate the trust for his own exclusive personal benefit, there is no tying up of property and no restraint upon the alienability of the property in the trust fund, and thus no reason to include this time during which the trust is so destructible in determining whether a limitation is violative of the rule against perpetuities. Restatement, Property, sec. 373 states: "The period of time during which an interest is destructible, pursuant to the uncontrolled volition, and for the exclusive personal benefit of the person having such a power of destruction

is not included in determining whether the limitation is invalid under the rule against perpetuities." We conclude that this rule is a sound one, which does no violence to the rule against perpetuities, but is in complete accord with its aim and purpose.

In the instant case, the settlor, during his lifetime, had an absolute right to revoke or terminate the trust, to change the beneficiaries in the policies, and to receive any and all benefits under the policies. Therefore, under the rulings above made, the time from which it will be determined whether any of the limitations in the trust agreement are void for remoteness is the date of the settlor's death. When so considered, it is apparent that none of the limitations in the instrument violate the rule against perpetuities, since all limitations under the instrument will end and all interests vest within twenty-one years after the death of the settlor's children plus the usual period of gestation, and, of course, no children can be born to the settlor after his death plus the usual period of gestation. It follows, the limitations over to the issue of the children of the settlor are valid, and the petitioners are not entitled to have the trust terminated for any reason alleged. The judgment of the court below dismissing the petition on general demurrer was therefore not error.

*Judgment affirmed. All the Justices concur.*