60203. ST. REGIS PAPER COMPANY v. BROWN et al.

SHULMAN, Judge.

Plaintiffs brought suit seeking, in addition to other relief, a judgment declaring null and void the purchase options contained in two lease agreements (denominated Leases A and B) entered into with defendant-lessee, St. Regis Paper Company (hereinafter "St. Regis"). This appeal is from an order granting plaintiffs' motion for summary judgment as to the declaratory judgment count of their complaint and denying defendant's motion for summary judgment on the same issues. We affirm.

The timber leases entered into between the parties (or their predecessors in title) were to run for a term of 60 years. Lease A was executed on September 1, 1958; Lease B on April 1, 1959. Both leases contained separate purchase options which were to become exercisable, respectively, in 1970 and 1971. The issue presented on appeal is whether or not the purchase options contained in the lease agreements violate the rule against perpetuities. We agree with the trial court's judgment that they do and that they are, consequently, void.

The pertinent language of the purchase options at issue reads as follows: " . . . Lessor, in consideration of One Dollar ($1.00) and other consideration, the receipt whereof is acknowledged, hereby grants unto St. Regis, *the irrevocable right and option at any time after September 1st, 1970 [March 31, 1971, for Lease B] when St. Regis is not in default with respect to any payment required to be made under Section 3A (1) or 3B hereof* to purchase the property at and for the purchase price of $65.00 per acre . . ." (Emphasis supplied.)

As stated above, the two timber leases in question were substantially similar, each lease running for a term slightly in excess of 60 years. Under the provisions of these leases, St. Regis had approximately 49 years in which to exercise the option to purchase in Lease A, and approximately 48 years in which to exercise the option in Lease B.

Code Ann. § 85-707 (a), the rule against perpetuities, reads in significant part as follows: "Limitations of estates may extend through any number of lives in being at the time when the limitations

commence, and 21 years, and the usual period of gestation added thereafter. A limitation beyond that period the law terms a perpetuity and forbids its creation. When an attempt is made to create a perpetuity, the law gives effect to the limitations not too remote, declaring the others void, and thereby vests the fee in the last taker under legal limitations."

Where, as here, ". . . no life in being forms any part of the period of suspension or postponement of the time when the estate or interest is to become vested, the limit of time under the rule against perpetuities is twenty-one years." *Murphy v. Johnston,* 190 Ga. 23 (2) (8 SE2d 23).

Thus, if the purchase options at issue come within the parameters of Code Ann. § 85-707, then the interest in the property in question must have vested in the defendant, if at all, within 21 years of the date on which the options became exercisable.

1. It is defendant-appellant's contention, however, that it is irrelevant whether or not title to the property would have properly vested under the purchase options within the 21-year period, inasmuch as the rule against perpetuities is inapplicable to long-term lease purchase options.

Appellant likens perpetual renewal options in leases to long-term purchase options, contending that the same analysis and reasoning which excludes the former from application of the rule dictates that the latter also be excluded. Appellant submits that, realistically and practically, there is no difference between perpetual renewal options and long-term lease purchase options in terms of their effect on the alienability of the subject property, since with either provision free alienability of the property is restrained, if not precluded.

We find appellant's argument unpersuasive because of a fallacy in its underlying premise: that the different provisions impose an equal or similar restraint on alienability. While a valid option to purchase does not create a present interest in property (*Turner v. Peacock,* 153 Ga. 870 (1) (113 SE 585)), it does, by its very terms, restrain the alienability of the fee interest. A lease with a perpetual option to renew, on the other hand, creates a vested estate in the lessees, but places no restraint on the right of alienation of the fee, subject to the lease. Id.

In addition, there is an historical difference between the two provisions which dictates the exclusion of renewals from the rule and the inclusion of purchase options: an option to purchase contemplates the ultimate vesting of a fee interest in the property; a renewal option does not. It is the remote vesting of interests in property that the rule against perpetuities is intended to eliminate.

For these reasons, we cannot agree with appellant's position that a purchase option in a long-term lease should, like a renewal option, fall outside the time restraints of the rule.

2. Despite appellant's discoursive and erudite arguments to the contrary, we hold that, under Georgia law, an option to purchase for which there is no measuring "life in being" and which is subject to exercise more than 21 years from its effective date is violative of the rule against perpetuities.

In *Turner v. Peacock,* supra, the Supreme Court of Georgia held that a "perpetual right, option, and privilege to purchase . . . land" (id., p. 870) (contained "in a clause of an instrument of writing, which is in part a conveyance of certain lands and in part a contract") (id., p. 873) violated the rule against perpetuities. The court, in *Turner,* stated "that this option was void; and such seems to be the view taken of instruments like this, containing an option, by both text-writers and by courts, where the question has arisen." The court went on to state that "[w]e are not able to find any case upholding an option that gives unlimited time for the exercise of the option, as do the terms contained in this paper. 'Options given to purchase real estate are regarded as having the effect of creating future interests depending on the contingency of the exercise of the option. *Hence, if there is a possibility that the option may not be exercised within the limits of time allowed by the rule against perpetuities, the option will fall under the ban of this rule.*' [Cit.]" Id., p. 874. (Emphasis supplied.)

Although (as appellant points out) the court, in *Turner,* did not specifically hold that the option in that case fell within the rule against perpetuities, the court's holding belies any other conclusion. Indeed, in *Brown v. Mathis,* 201 Ga. 740, 745 (41 SE 137), the court relied upon *Turner* as authority for its holding that a real estate purchase option which may or may not be exercised within the rule against perpetuities ("since it extends beyond the period of time there stipulated") "is plainly forbidden" under the rule.

The case which appellant contends supports its argument that an option to purchase in a lease agreement does not violate the rule (*McKown v. Henry,* 200 Ga. 819 (38 SE2d 425)), does not stand for the proposition advanced by appellant. The significant language in *McKown* reads as follows: " 'Where the covenant gives the lessee the option to purchase at any time for a specified sum, *he may exercise the option at any time within the term of the lease.*' [Cit.] In the absence of a specified date for exercising the right to purchase, the option will be construed as operative for the term of the lease or renewal thereof, and such option would not be void as containing no time limit within which the right to purchase might be exercised." Id. p. 820.

It is clear that the court, in *McKown,* did recognize that the rule of perpetuities applies to lease-purchase options. The court cited *Turner,* distinguishing it, however, on its facts inasmuch as the purchase option at issue in *McKown* would have had to have been exercised, if at all, within the two-year term of the lease. That being so, title to the property would have vested, if at all, within the rule. The option to purchase in *McKown* thus did not violate the rule.

That fact, however, does not lead to the conclusion reached by appellant that the rule against perpetuities does not apply to lease-purchase options so long as they are not literally granted in perpetuity. Rather, it is clear from *McKown* that, even assuming a definitive time for the exercise of the option, such options would only be valid if the time period for their excercise falls within the temporal strictures of the rule.

In the absence of a set period for exercising the option, the court, in *McKown,* did hold that the option will be presumed to run for the term of the lease. In the case at bar, no time limitations shorter than the term of the leases were set for plaintiffs to act on the options. Such options therefore would run the course of the leases. That being true, the options would be exercisable more than 21 years from their effective date. Since the time period allowable for their exercise exceeds that permissible under the rule, the options are void and unenforceable as violative of the rule against perpetuities.

*Cook v. Horn,* 214 Ga. 289 (104 SE2d 461), is inapposite and does not demand a contrary result. Moreover, the fact that the majority of other jurisdictions may not similarly hold such lease-purchase options to fall under the rule does not preclude its application in the case at bar or dictate a different result. It is the law of Georgia that must be determined and applied to such options. Although we recognize and appreciate appellant's comments concerning the continued efficacy of and value in the application of the rule to long term lease-purchase options, we are nevertheless without authority to overrule Supreme Court decisions, which, as we have stated above, apply the rule to lease-purchase options. If the law is to be changed in Georgia, it is not the prerogative of this court to do so. We therefore hold, in accordance with *Turner* and *Brown,* that the lease-purchase options in question are within the rule. This being so, their duration, being in excess of the time for vesting under the rule, renders such options void.

3. Appellant submits that, even assuming the lease-purchase options are embraced by the rule, since no time was specified in the leases for the exercise of the options, it is the court's duty to impose a "reasonable" time for their exercise; that is, a time period within the rule against perpetuities.

*McKown* states definitively that "[i]n the absence of a specified date for exercising the right of purchase, the option will be construed as operative for the term of the lease or renewal thereof." Id., p. 820. In view of the court's holding in *McKown,* we cannot impose time limitations upon the exercise of the options in question inconsistent with the stated durational terms of the leases, thus rendering valid what are otherwise void options under the rule.

4. In view of the foregoing, appellant's contentions of error in regard to the trial court's denial of its motion for summary judgment on its demand for specific performance of the lease-purchase options are moot.

5. Nor can we agree with appellant's assertion that a declaratory judgment was an inappropriate vehicle for determination of the validity of the lease-purchase options. An actual controversy concerning conflicting claims to real property existed between the parties, and the trial court had authority under either subsection (a) or (b) of Code Ann. § 110-1101 to entertain a declaratory judgment action. See also *State Hwy. Dept. v. C. F. Williams Lumber Co.,* 222 Ga. 23 (1) (148 SE2d 426); *Rogers v. Rooth,* 237 Ga. 713 (229 SE2d 445), wherein petitioner brought an action for declaratory judgment to have her interest under a will defined, as she contended that the will violated the rule against perpetuities.

The judgment of the trial court is affirmed.

*Judgment affirmed. Quillian, P. J., and Carley, J., concur.*

Argued July 9, 1980 — Decided September 10, 1980 —

*Albert W. Stubbs, Jesse G. Bowles, III,* for appellant.

*Donald D. Rentz, Robert M. Margeson, III, Edward Wohlwender, Jr.,* for appellees.