GEORGE P. THOMAS & COMPANY, plaintiffs in error, *vs.* GEORGE G. CRAWFORD, trustee, defendant in error.

1. A bequest to George G. Crawford of certain property "to be held by him in trust for the following purposes, to-wit: the rents, issues and profits of the same to be paid over by him annually to William G. Howard during his lifetime, and at his death, the *corpus* of said property to be turned over by the said trustee to the children of the said William G. Howard, should he leave any children surviving him, and in the event of his death without leaving any child or children, then it is my will that said property shall be given to Margaret R. Crawford, if she is alive, and if she be dead, then to go to her children," with discretionary power in the trustee to sell any part of the property during the trust, and to reinvest "as in his judgment shall

be for the benefit of said trust estate," with option to make returns or not as he chooses, is a valid, subsisting, executory trust, and the legal title to the *corpus* of the estate remains in the trustee to keep the *corpus* secure for the contingent remaindermen, to ascertain who they would be, and to divide the estate among them when they were ascertained, on the happening of the contingencies contemplated by the testatrix.

2. The possession of the land by Howard, with the understanding between him and the executor that he was to receive the rents, issues, and profits thereof in discharge of the legacy due him under the will, did not, by the assent of the executor, divest the legal title of the trustee to the *corpus*, so as to subject the *corpus* to be levied on and sold for the life of Howard. Howard still held only the usufruct, not liable to levy and sale, but subject, if at all, only to Howard's debts by proceeding in equity.

Wills.   Estates.   Trusts.   Levy and sale.   Before Judge BARTLETT.   Morgan Superior Court.   March Term, 1876.

Reported in the opinion.

SEABORN REESE, for plaintiffs in error.

McHENRY & McHENRY; J. T. GLENN, for defendant.

JACKSON, Judge.

Thomas & Company levied a *fi. fa.* upon a tract of land as the property of Howard for life. It was claimed by Crawford, as trustee, under the will of Mrs. Jessup. By that will, the rents, issues and profits were to be paid by Crawford to Howard, but the *corpus* was to be preserved to go to Howard's children, should he leave any; and if he left no children, then to the children of Mrs. Crawford. Crawford, who was executor as well as trustee, by the will, put Howard in possession of the land to use the rents, issues and profits thereof in discharge of the legacy due him under the will. The court charged the jury that the life estate of Howard was not subject to levy and sale, and the jury found accordingly, and the single question presented for us to review is, was this charge right under the will of Mrs. Jessup and the possession of Howard? The testatrix bequeathed the property to Crawford with these controlling words in the third item of the will:

Thomas & Company *vs.* Crawford.

" To be held by him in trust for the following purposes, to-wit : the rents, issues and profits of the same to be paid over by him, annually, to William G. Howard, during his lifetime, and at his death the *corpus* of said property to be turned over by the said trustee to the children of said William G. Howard, should he leave any children surviving him, and in the event of his death without leaving any child or children, then it is my will that said property shall be given to Margaret R. Crawford, if she is alive, and if she be dead, then to go to her children." By the fourth item of the will power is vested in the trustee to sell any part of the property and to reinvest as in his judgment shall be for the benefit of the trust estate, with option to make returns or not as he chooses.

1. Was this trust executed or executory ? The Code defines the two in section 2313. If anything remained to be done by the trustee, " either to secure the property, to *ascertain the objects of the trust, or to distribute according to a specified mode,* or some other act, to do which requires him to retain the legal estate," it is, by the Code, an executory trust. In this case, it seems to us that the legal title should have been retained by the trustee to secure the property for those in remainder, to ascertain the objects of the trust at Howard's death, and then to distribute, to divide, the estate among his children, if he left any, and if he left none, to divide it among Mrs. Crawford's children, should she also be dead. To preserve this property secure for these contingent remainders, to ascertain who were entitled, to divide among them by the direction of the will, are certainly acts, duties, devolved upon the trustee which he could not forego, and which he could not do if he parted with the legal title. Without going into the many cases cited, the Code, we think, is enough to construe this will and determine that the trust is executory ; if so, this estate cannot be sold by levy and sale at sheriff's sale : See, also, Perry on Trusts, 305, *et seq.* ; 2 *Kelly,* 319 ; 3 *Ibid,.* 346.

2. This case is unlike *Gray vs. Obear,* 54 *Georgia Reports,* 235. There nothing was to be done but to preserve the es-

tate for Gray—no contingent remainders, no objects of the trust to be ascertained or particular distribution to be made. But it is argued that Howard was put in possession, in the language of the witness, "with the understanding that he was to receive the rents, issues and profits thereof in discharge of the legacy due him under the will," and that thereby the executor assented to the legacy, and title to the *corpus* for life vested in Howard. We think that Howard took to hold only for the easier use of the rents and profits ; that the assent of the executor could not, under the facts here, give him any greater estate than the will gave him ; that the will gave him only the usufruct; and that the title, the legal title, still remained in Crawford, to the *corpus*, to preserve it for the contingent remaindermen, and to divide it among them when ascertained who they were. In view of the whole case, we think that the life-interest of Howard is an equitable interest only, which cannot be reached by levy and sale, and therefore we affirm the judgment.

Judgment affirmed.