### TERRELL et al. v. HUFF.

Where a deed was executed by the owner of land in 1869, conveying the same to a trustee for the use of a named adult brother, and containing a condition "that said land shall not be subject to any of the debts and liabilities of the [cestui que trust] now existing, nor shall any of the proceeds thereof be so subject, and should the said land or any part thereof, or its proceeds, be levied on by virtue of any process founded on any such debt or liability," etc., "then the property so levied on is to become the property of the wife and lawful children of the [cestui que trust], and if he should then have no wife or lawful children, the property so levied on is to become mine," etc.: *Held*, that when, after the death of the beneficiary in possession, it was made to appear that the land so conveyed had never been levied on for any debt or liability of such beneficiary, it was correctly adjudged that the title in fee vested in his heirs at law, and this is true whether a legal trust was created, or the title vested directly in him when the deed was delivered. Such a deed was unambiguous, and parol evidence of declarations by the grantor, explanatory of its intent and meaning, was inadmissible.

Submitted June 17, — Decided August 2, 1899.

Ejectment. Before Judge Reese. Oglethorpe superior court. October term, 1898.

*Hamilton McWhorter,* for plaintiff.

*W M. Howard* and *John J. Strickland,* for defendant.

LITTLE, J. On December 1, 1869, Richard Huff executed a deed to G. W. Bolton as trustee for James M. Huff, by which

he conveyed certain lands in Oglethorpe county. This deed contained the following recitals: "For and in consideration of the love and affection which I have and bear to my brother, James M. Huff of said county, and in order to secure to him a home and means of support, do hereby give, grant and convey unto George W. Bolton of said county, in trust for the use and benefit of the said James M. Huff, the following described land: . . This conveyance is made subject to the following conditions and limitations: that said land shall not be subject to any of the debts and liabilities of the said James M. Huff now existing, nor shall any of the proceeds thereof be so subject, and should the said land or any part thereof, or its proceeds, be levied on by virtue of any process founded on any such debt or liability, to which process said land or proceeds may be subject notwithstanding the foregoing conditions (if such there be) under the laws existing at the time, then the property so levied on is to become the property of the wife and lawful children of the said James M. Huff (if he should then have such), and if he should then have no wife or lawful children, the property so levied on is to become mine if I should then be living, and if I should not be then living, the property so levied on is to become the property of my son Dr. Oliver Huff, lately residing in California; and if the said George W. Bolton should vacate as trustee under this deed, a successor may be appointed by the said James M. Huff by writing filed in the clerk's office of the superior court of the county of Oglethorpe." Richard Huff died in 1872, and his will was probated. James M. Huff died in possession of the land in 1890. Bolton, the trustee, died some years prior to the death of James M. Huff. In 1897 an action of ejectment was brought on the demise of the heirs of Richard Huff, to recover the land, against Robert W. Huff, one of the heirs of James M. Huff, tenant. After proof that Richard Huff was in possession of the land at the time of the execution of the deed, and admission in evidence of the deed of conveyance, and proof of the death of Richard Huff and that plaintiff's lessors were his heirs, and that James Huff had lost all his property, had spent it, was of wasteful and profligate habits, and was of very weak mind and afflic-

ted body on the 1st day of December, 1869, the plaintiff closed. The defendant moved for a nonsuit, which the court granted, and dismissed the case. It was not contended that the land conveyed was levied on by virtue of any process subjecting the property to sale for any debt or liability of James M. Huff; and inasmuch as none of the conditions named by the grantor arose, upon which he predicated the reversion of the land to the wife and children of James M. Huff, and in default thereof to himself if living, and, if not living, then to his son Oliver Huff, it is entirely unnecessary for the objects of this discussion to consider the effect of such conditions; and the sole question presented is, whether under the terms of the deed, with the conditions eliminated, the heirs of James M. Huff took the property, or whether the heirs of Richard Huff, the grantor, were entitled to take at the death of James M. Huff, the grantee. The answer to this question depends upon a construction of the deed and the determination as to what estate James M. Huff took under it. On the trial the plaintiff undertook to prove the circumstances and declarations attending the execution of the deed by Richard Huff to James M. Huff, and, to that end, inquired of a witness whether, at the time the deed was executed and prior thereto, the witness had heard Richard Huff say to the grantee what interest or estate he intended to convey to him. On objection the court rejected this evidence, and the plaintiff in error excepted.

The rule which governs this question, as laid down in 2 Devlin on Deeds, § 976, citing a large number of authorities, is: "Aside from the question of a reformation of a deed in cases where clauses have been omitted by mistake, it is certain that in an action to recover property conveyed by deed, on the ground that a condition on which it was made has not been performed, the deed must speak for itself, and a condition can not be engrafted on a deed absolute in form by parol evidence." And as was said in the case of Slocum v. Bracy, 55 Minn. 249, "No rule of law is better settled than that where a deed has been executed and accepted as performance of an executory contract to convey real estate, the contract is functus officio, and the rights of the parties rest thereafter solely on the deed." It is

the province of the court, when a question of law arises upon the construction of a deed, to decide from the language what the intention of the parties was. 26 Cal. 88; 16 Am. Dec. 125; 28 Am. Dec. 5. The court committed no error in rejecting the evidence. The real question in this case is, what interest the grantee, James M. Huff, took under the deed. By section 3083 of the Civil Code it is provided that every conveyance properly executed shall be construed to convey the fee, unless a less estate is mentioned and limited in such conveyance. Confessedly, no less than a fee-simple estate is mentioned in the instrument under consideration. It is true that, "in order to secure him a home and means of support," the land is conveyed to the trustee for the use of the brother of the grantor. In the case of *Morris* v. *Davis*, 75 *Ga.* 169, where a deed of gift recited that the grantor had given and sold to the grantee, for the support of herself and her present and future children, certain real estate, "to have and hold the same in fee simple for the purpose aforesaid," this court held that the deed conveyed a fee to the grantee and the children, predicating the ruling on the section of the code above referred to, that a less estate was not limited by the words of the conveyance. And this is the rule outside of the provisions of the code; and it must be held that so far as the language of the deed is concerned the same contemplates the conveyance of a fee-simple estate. It is, however, said that the conveyance was made to a trustee for the benefit of James M. Huff, and that the legal title was thereby placed in the trustee. We think not. The provision of law in force at the time of the execution of the deed was that a trust estate could not be created for any male person of sane mind. In such a case the beneficiary takes the property free from the trust. Code of 1863, § 2287. It is true that the deed which conveys the fee-simple estate recites the following as a condition: "That said land shall not be subject to any of the debts and liabilities of the said James M. Huff now existing, nor shall any of the proceeds thereof be so subject"; and a trust was created for the purpose of the protection of the trust estate against such a liability. It will be observed, however, that a trust could not be created for any male person of sane mind. There is no evidence

in the record to show that the beneficiary of the trust in this case was of unsound mind, but only that he was of profligate habits and of weak mind. It must, therefore, follow that, notwithstanding the intention of the grantor, under the law no trust was created for the benefit of James M. Huff. As was said by Chief Justice Warner in the case of *Gray* v. *Obear*, 54 *Ga.* 233, the statute of 27 Henry VIII, being the statute of uses, is of force as a part of the law of this State. "One of the evils that statute was intended to remedy was that the property of the cestui que use could not be reached by legal process for his debt. The statute, therefore, executed the use — that is, it conveyed the possession to the use, and transferred the use into possession, and thereby made the cestui que use complete owner of the property, as well at law as in equity." Summarized under the foregoing authorities, this case may be stated as follows: Richard Huff conveyed the land to Bolton in trust for his brother James M., but placed no limitation on the extent of his interest in the property. What the trustee had to perform was to hold the property for the benefit of James M. as against the debts and liabilities of the latter. This being the extent of the power given to the trustee, there was in fact no duty for him to perform; because the protection of it from the payment of his debts is contrary to the policy of the State (*Gray* v. *Obear*, supra). This deed, it will be remembered, was executed prior to the act approved February 25, 1876. Acts 1876–7, p. 26. The statute of uses under these circumstances executed the trust, transferred the use into possession, and made James M. Huff the complete owner of the property, both in law and in equity. There was, consequently, no error in granting the nonsuit.

*Judgment affirmed. All the Justices concurring.*