MOORE *et al.* v SINNOTT *et al.*, executors, etc., *et al.*

1. The beneficiary of a valid and subsisting spendthrift trust can not alienate the trust property so as to affect the rights of the trustee to the possession thereof and defeat the objects of the trust.

2. Where property is devised to a trustee in trust for the benefit of A for life, and, after the death of A, then for the benefit of B for life, the trust is executory during the life of B, although A is not the subject of a trust under the Civil Code, § 3149.

Argued February 24, — Decided June 3, 1903.

Equitable petition. Before Judge Brinson. Richmond superior court. June 13, 1902.

*Frank H. Miller, J. C. C. Black,* and *M. P. Carroll,* for plaintiffs in error.   *W. K. Miller, D. G. Fogarty, E. H. Callaway,* and *C. Henry Cohen,* contra.

FISH, J.   By the will of Andrew M. Moore certain property, including that now in dispute, was left to Sinnott and others as his executors and trustees, in trust for his three sons, Albert H., George M., and Henry G.   Each son was to receive the income from one third of this property, not subject to his debts or to be disposed of by him.   Upon the death of any one of the sons, his share was to go to the other two, and, upon the death of one of the latter, the entire income was to go to the survivor.   Upon the death of all of the sons, the will made provision that the executors and trustees should hold it for certain charitable uses.   This ultimate remainder, for reasons stated in *Sinnott* v. *Moore,* 113 *Ga.* 908, was invalid, and there was an intestacy as to this, and a resulting trust in favor of the heirs of the testator.   Under a bill for direction, filed by the Georgia administrator of the estate, and various answers thereto, it was claimed that the trusts were invalid, and that the sons were entitled to the property in their own right.   The case was brought to this court, where it was held, that, so far as appeared from anything in the record, the trusts for the sons for life and the cross-remainders were valid and the trustees were entitled to the possession and control of the property.   After the decision of this court, certain amendments to the pleadings were offered.   One of these was filed by George M. Moore and by Henry G. Moore, the latter defending for the use of one Staake, his grantee.   This amendment alleged that, since the adjournment of the April, 1901, term of the court, Staake and the three sons had executed an instrument of release, by which each had remised, released, and forever relinquished his cross-remainder under the will, the intention being to vest in each "an absolute estate, comprising a life-estate, cross-remainder for the life of the other, and the residuary estate, leaving" each owning absolutely and in fee simple one undivided one-third interest in the whole of the property involved in this case.   George M. Moore also filed an amendment to his answer, in which he alleged that he was not and is not, on account of mental weakness, intemperate habits, wasteful and profligate habits, unfit to be entrusted with the right and management of property; that he was an active business man, about forty-five years of age, perfectly com-

petent and qualified to take charge of, conduct, and manage his own
property.    He claimed that the trust for his benefit was invalid
and that he was entitled to receive one third of the property or its
proceeds, or at least the commuted value of his life-estate.    Albert
H. Moore also filed an answer making similar allegations as to his
ability and fitness to take charge of and manage his property, and
praying similar relief.    The third son made no answer touching his
habits or his fitness to be entrusted with the care and management
of property.    There was nothing in any of the answers or amend-
ments to show that this third son, Henry G., is not a proper subject
of a trust under the Civil Code, § 3149.    It is true that Albert H.
Moore's answer did contain an averment that " the conditions and
grounds upon which said trust was created never existed, and, if
they ever did exist, do not now exist," but the context shows clearly
that this allegation was meant to apply to Albert only, and was
not intended to refer to Henry.    The trial judge refused to allow
these amendments, and ordered the proceeds of the property to be
turned over to the executors and trustees under the will, first de-
ducting the expenses of litigation.    To these rulings George M.
Moore and Albert H. Moore excepted.    Numerous points were
made in the record and argued here, and counsel for the defendants
in error suggested several reasons why the amendments offered be-
low should not have been allowed.    As there is no error in refus-
ing an amendment when it and the pleading sought to be amended
do not, taken together, state a cause of action or a defense, and as
we think this principle applies in the present case, we shall discuss
none of the questions raised, except whether, had the amendments
been allowed, the sons would have been entitled to any relief there-
under.

1. Henry G. Moore apparently acquiesced in the judgment of
the court below, for he is not a party to the bill of exceptions here.
But, regardless of this, the controlling fact in the case is that the
amendments offered failed utterly to allege that the spendthrift trust
is not good as to him.    That trust must be treated as valid in so
far as he is concerned. , The item of the will which created the trust
expressly provided that the trust property should not be subject to
his debts or to be disposed of by him.    This provision against alien-
ation was intended to secure the property against his improvidence
and want of capacity to manage it, and will be enforced by the courts

so long as the spendthrift trust subsists for his benefit.   He there-
fore had no power to defeat the objects of the trust by releasing
all or any part of the property.   His portion must be held for his·
benefit by the trustees, and the instrument by which he sought to
alienate a portion of his interest can not affect the rights of the
trustees to hold and manage his share of the property.

2.  It must follow that the trust is still executory, and that the
trustees are entitled to the possession of the property during the
life of Henry G. Moore.   They are entitled to control, not merely﹀
one third of it, but the whole.   Under the cross-remainders in
the will, he would be entitled, if he survived his brothers, to the
income for his life from their shares of the estate, and the trustees
would hold the property for his benefit under the trust.   While
the other brothers may not be, individually, subjects of a spend-
thrift trust, yet, if this one is subject and still lives, with a right
to the income from one third, or one half, or all of the property,
according as all the brothers, or he and one other, or he only, sur-
vive, the trust is certainly executory, so long as he lives, as to all
the property.   "Something remains to be done by the trustees,"
and they are entitled to hold and manage the property.   For these
reasons, there was no error in the refusal to allow the amendments
offered, or in the order that the proceeds of the trust property should
be turned over to the executors and trustees under the will.

*Judgment affirmed.   By four Justices.   Lamar, J., disqualified.*