BUSSEY *v.* BUSSEY *et al.*

No. 17703. ARGUED JANUARY 14, 1952—DECIDED FEBRUARY 12, 1952— REHEARING DENIED MARCH 13, 1952.

*Peebles & Burnside, John L. Bussey,* in propria persona, and *G. Seals Aikens,* for plaintiff.

*C. Wesley Killebrew* and *Carl E. Sanders,* for defendants.

ATKINSON, Presiding Justice. (After stating the foregoing facts.) ■ The controlling question here is whether or not the four children and grandchild of the testator took a fee-simple estate in the property at 908 Broad Street, at the expiration of ten years following the death of the widow, who was a life tenant.

It is the contention of the plaintiff that the provision in the will, that, at the expiration of 10 years after the death of the wife, the executors shall have the right and authority to sell the same, with the consent of then living children, with the additional provision that they hold the proceeds of the sale to the same uses and trusts as set out, would prevent the vesting of the estate in remainder to the children and grandchild, create the executors as trustees of the property, which could not be sold without the consent of all the children, and if so sold, the proceeds would still be held by the executors as trustees, and the income therefrom be distributed as was done during the ten-year period following the death of the widow. To so construe the will would, in effect, create the executors as trustees for the children and grandchild, all of whom had obtained their majority and were laboring under no disability when the life tenant died. The will must be construed under the law as it existed at the time of the death of the testator. *Hertz* v. *Abrahams,* 110 *Ga.* 707 (2) (36 S. E. 409). When this testator died in 1928, there was no provision for the creation of such a trust except for a person under disability. Code, § 108-114. Another obstacle in the path of such a construction is the absence of an intention to convey some estate or interest in the property to the executors as trustees. See 65 C. J. 308. Then too the question of the duration and

termination of the trust is encountered; and if it be assumed that the executors became trustees of this property, then there is no provision for the termination of their duties as trustees, or for a final vesting, and to·whom, of a complete ownership so as to avoid a perpetuity under Code § 85-707. Accordingly, even if a trust was attempted to be created, it was lacking in too many essential elements to constitute a valid trust.

■ Under the terms of the will, the remainder interest in this property was to vest in the children, or children of deceased children at the death of the widow. The ten-year period following the death of the widow, during which time the executors were to divide the income between the above parties, having expired, no question as to their respective rights during this period is now involved. The intention of the testator is clear that at this time the remaindermen shall have a fee-simple title to the property. The provision of the will, where at the expiration of the ten-year period the executors are given the right to sell the property with the consent of the then living children, cannot be given effect so as to curtail the rights incident to a fee-simple estate. At the expiration of the ten-year period, each of the children or children of deceased children became the absolute onwers of an undivided interest in the property, with the right to sell their respective interests. "No one can create what is in intendment of the law an estate in fee simple and at the same time deprive the owner of those rights and privileges which the law annexes to it." *Wright* v. *Hill*, 140 *Ga.* 554, 567 (79 S. E. 546). An expressed devise cannot be cut down by a subsequent item of doubtful meaning. *Sumpter* v. *Carter*, 115 *Ga.* 893 (42 S. E. 324); *Moore* v. *Cook*, 153 *Ga.* 840 (113 S. E. 526); *Nicholls* v. *Wheeler*, 182 *Ga.* 502 (185 S. E. 800).

*Judgment affirmed. All the Justices concur.*