20471. FIRST NATIONAL BANK OF BRUNSWICK,
Executor, *et al. v.* STEWART.

ARGUED MAY 11, 1959—DECIDED JUNE 5, 1959.

*Nightingale & Liles,* for plaintiffs in error.

*Ronald F. Adams,* contra.

Wyatt, Presiding Justice. The question presented here for decision is whether, under the provisions of the will of Valeria Hill Stewart, set out in the statement of facts, the two named persons were vested with a fee-simple interest upon the death of Valeria Hill Stewart, or whether there was a resulting trust to the heirs of the testatrix. The plaintiffs in error spend much time and argument on the question of distinguishing between executed and executory trusts and on classifying this trust as one or the other, and also cite many cases dealing with the proposition that a gift of the income from property without limitation as to time amounts to a gift of the property itself. We recognize these as sound principles of law, but, in the view we take of this case, neither of these questions is involved. The question is, rather, whether there was ever any trust in the instant case at all. With reference to this question, we find that there was no trust and that no trust ever arose under the provisions of the will above quoted.

Until the death of the testatrix, her will was wholly without effect. The provisions of the will in question clearly provide a trust upon the death of the testatrix for the use and benefit of the named persons until the youngest reaches 21 years of age only. However, when the testatrix died, those named were already over 21 years of age, and the time for terminating the trust had already passed. The purpose of the trust had ceased to exist, and there were no persons who were entitled to the benefits of the trust. Code § 108-106 provides: "(4) Where a trust is expressly created, but no uses are declared, or are ineffectually declared, or extend only to a part of the estate, or fail from any cause, a resulting trust is implied for the benefit of the grantor or testator or his heirs." This Code section is applicable and controlling in the instant case. Clearly a trust was expressly created. The uses declared were for the use and benefit of named persons until they reached 21 years of age. When the will became effective, these persons were more than

21 years of age. The uses then entirely failed, and under the provisions of the Code section above quoted, a resulting trust arose for the benefit of the heirs at law of the testatrix. *Butler v. Citizens & So. Nat. Bank,* 211 *Ga.* 414 (86 S. E. 2d 520).

It follows, therefore, the judgment of the court below was not error for any reason assigned.

*Judgment affirmed. All the Justices concur.*