21937.   STEPHENS, by Guardian, et al. v.
STEPHENS et al., Trustees.

A<small>RGUED</small> J<small>ANUARY</small> 17, 1963—D<small>ECIDED</small> F<small>EBRUARY</small> 11, 1963—
R<small>EHEARING DENIED</small> F<small>EBRUARY</small> 25, 1963.

*Henry M. Quillian, Jr., Roland P. Smith, Bryan, Carter, Ansley & Smith,* for plaintiffs in error.

*Eugene Black, Winston Huff, Powell, Goldstein, Frazer & Murphy,* contra.

MOBLEY, Justice. ■ It is the duty of this court to effectuate the intent of the testator insofar as his intent is consistent with established rules of law. *Code* § 113-806; *Edmondson v. Dyson,* 2 Ga. 307, 312 (2); *Stringfellow v. Harman,* 207 Ga. 62, 64 (60 SE2d 139).

The language used by the testator in paragraph 6 of his will clearly manifests his intent to create a trust which would continue only during the life of his widow. He directed that the income of the trust be paid to her "so long as she may live." This is a clear expression of intent to create a testamentary trust for the benefit of the widow for her life. In several paragraphs of his will the testator gave specific legacies to his widow. This shows that he knew how to make outright gifts to her when he so desired and intended.

The testator failed to make an express disposition of the remainder interest in the fund upon the termination of the trust. "Where a trust is expressly created, but no uses are declared, or are ineffectually declared, or extend only to a part of the

estate, or fail from any cause, a resulting trust is implied for the benefit of the grantor, or testator, or his heirs." *Code* § 108-106 (4). "An implied trust is sometimes for the benefit of the grantor, or his heirs, or heirs or next of kin of a testator, and is then a resulting trust." *Code* § 108-110. The former section of the Code states that a resulting trust may be implied for the benefit of the testator *or* his heirs, while the latter section states that an implied trust is *sometimes* for the benefit of certain enumerated persons, including the heirs or next of kin of a testator, and is then a resulting trust, but makes no reference to such a trust for the benefit of a testator. However, the latter section does not appear to be a complete enumeration of those persons for whom a resulting trust may be implied because by stating that such a trust is *sometimes* for the benefit of the thereinafter enumerated persons it implies that sometimes such a trust may be for the benefit of others. *Code* § 108-106 (4) expressly states that a resulting trust may be implied for the benefit of a testator, and *Code* § 108-110 cannot be construed as forbidding such a trust for such a person.

A resulting trust will be implied for the benefit of the testator, which of course means the testator's estate, rather than for the benefit of his heirs or next of kin when his will contains a residuary clause which disposes of all the rest or residue of his estate, a trust having been created in another provision of his will but no express disposition of the remainder thereafter having been made. Contrast the residuary clause in W. P. Stephens' will with the residuary clause construed in *First Nat. Bank of Brunswick v. Stewart*, 215 Ga. 141 (109 SE2d 606). Intestacies are not favored in construing wills. *Gilmore v. Gilmore*, 197 Ga. 303, 314 (29 SE2d 74). The law raises a strong presumption against intestacy. *Lane v. Citizens & Southern Nat. Bank*, 195 Ga. 828, 838 (25 SE2d 800). The presumption is that the testator intends by his will to dispose of his entire estate. *Mc-Donald v. Suarez*, 212 Ga. 360, 361 (93 SE2d 16). Since W. P. Stephens failed to dispose of the remainder interest in the trust property after the termination of the trust upon the death of his widow, a resulting trust of that interest will be implied for the benefit of the testator's estate. This reversionary interest

being a part of the balance or residue of the testator's estate, it passed by paragraph 12 of his will to his brothers Rob and Roy Stephens, share and share alike. These, then, are the estates which the testator intended to create: a trust for his widow for her life with the unconsumed corpus passing to his brothers in fee upon her death.

■ Can W. P. Stephens' intent to create a trust for the benefit of his widow be given effect? Counsel agree that the decision of this case is to be controlled by the Georgia law as it existed at the time of the testator's death in 1946. *Sutton v. Chenault,* 18 Ga. 1; *Hertz v. Abrahams,* 110 Ga. 707 (2) (36 SE 409, 50 LRA 361); *Bussey v. Bussey,* 208 Ga. 760, 763 (69 SE2d 569); *Blanchard v. Gilmore,* 208 Ga. 846, 848 (69 SE2d 753). Because the decision is controlled by the law as of 1946, we are precluded from a consideration and application of *Code Ann.* § 108-111.1 (Ga. L. 1950, pp. 310, 311), which provides that "a trust shall be executory, and the legal estate shall remain in the trustee, whether or not the beneficiary or beneficiaries be sui juris and whether or not any remainder interest be created, so long as the trustee has any powers or duties in regard to the trust property such as to preserve or protect, to manage, to invest or reinvest, to collect income or proceeds, to sell or otherwise dispose of, to ascertain the objects or the beneficiaries, or to distribute income or principal." See *Cook v. Horn,* 214 Ga. 289, 291 (1) (104 SE2d 461).

*Code* § 108-114, in force in 1946, provides in part as follows: "Trust estates may be created for the benefit of any minor or person non compos mentis. Any person competent by law to execute a will or deed may, by such instrument duly executed, create a trust for any person of full age, whenever in fact such person is, on account of mental weakness, intemperate habits, or wasteful and profligate habits, unfit to be intrusted with the right and management of property: Provided, the requirements of the law in all other respects are complied with . . ." Counsel have stipulated that Mrs. Grace Moore Stephens, the widow of the testator, W. P. Stephens, was neither a minor, nor a person non compos mentis, nor a spendthrift, at the time of the testator's death, nor is she now either non compos mentis or a spendthrift.

Plaintiffs in error state that a reading of *Code* § 108-114 *alone* would lead the reader to the conclusion that in Georgia in 1946 a valid, executory trust could not be created if the intended life income beneficiary was an adult and sui juris. That section of the Code states that trust estates *may* be created for the benefit of minors, persons non compos mentis, and persons unfit to be intrusted with the right and management of property on account of mental weakness, intemperate habits, or wasteful and profligate habits, but does *not* state that trusts *may not* be created for other persons. But no matter what *Code* § 108-114 may state or fail to state as to the classes of persons for whom a valid, subsisting, executory trust might have been created in Georgia in 1946, this court with some degree of consistency over the years has followed the ruling made in *Gray v. Obear*, 54 Ga. 231, that under the *common law of Georgia a trust estate* cannot be created in property for the *sole* benefit of an adult who is sui juris, and be conveyed to a trustee for the purpose of protecting it against his creditors, or for the purpose of depriving him of the free use and enjoyment of such property as the owner thereof. *Sargent v. Burdett,* 96 Ga. 111 (22 SE 667) ; *Terrell v. Huff,* 108 Ga. 655 (34 SE 345) ; *Thompson v. Sanders,* 118 Ga. 928 (45 SE 715) ; *Wright v. Hill,* 140 Ga. 554 (1, 2) (79 SE 546) ; *Armour Fertilizer Works v. Lacy,* 146 Ga. 196 (91 SE 12) ; *Clark v. Baker,* 186 Ga. 65 (1) (196 SE 750) ; *Citizens & Southern Nat. Bank v. Howell,* 186 Ga. 47 (196 SE 741) ; *Lassiter v. Bank of Dawson,* 191 Ga. 208, 220 (11 SE2d 910) ; *Douglas v. Sumner,* 213 Ga. 82, 85 (97 SE2d 122).

In spite of the case of *Gray v. Obear,* supra, and the cases following it, plaintiffs in error earnestly insist that the trust created by paragraph 6 of the will of W. P. Stephens is a valid, subsisting, executory trust, the life income beneficiary being Mrs. Grace Moore Stephens. They insist that the trust must remain executory because, under *Code* § 108-111, "something remains to be done by the trustee . . . the doing of which requires him to retain the legal estate," to wit: the trustee is directed to exercise a discretion to encroach upon the corpus of the trust fund "to meet any emergency which might beset . . . [Mrs. Grace Moore Stephens], or to maintain her in the

manner in which she is accustomed to living." Plaintiffs in error urge that it was possible under some circumstances to create in Georgia in 1946 a subsisting, executory trust for an adult who was sui juris, citing the following cases: *Edmondson v. Dyson*, 2 Ga. 307 (2, 3), supra; *George P. Thomas & Co. v. Crawford*, 57 Ga. 211 (1); *Moore v. Sinnott*, 117 Ga. 1010 (1, 2) (44 SE 810); *Macy v. Hays*, 163 Ga. 478, 487 (136 SE 517); *Jackson v. Franklin*, 179 Ga. 840 (177 SE 731, 97 ALR 1064); *Sanders v. First Nat. Bank of Atlanta*, 189 Ga. 450 (3) (6 SE2d 294).

None of the cases cited by plaintiffs in error supports their contention that the trust which W. P. Stephens intended to create by paragraph 6 of his will is a subsisting, executory trust. The factual situations involved in those cases are altogether dissimilar from the facts of the instant case. In the *George P. Thomas & Co., Macy,* and *Sanders* cases, cited by plaintiffs in error, the something which remained to be done by the trustees was not for the benefit of the adult and sui juris life income beneficiaries but was for the benefit of remaindermen or possible remaindermen who were minors, there being in each case an express trust of the remainder interest as well as of the life interest. Likewise, in the *Edmondson* case the act to be done by the trustee was not for the benefit of the life beneficiary. In the *Moore* and *Jackson* cases, supra, the something which remained to be done by the trustees was for the benefit of the life beneficiaries, but those beneficiaries, or in the *Moore* case at least one of them in whose favor there were cross remainders in case of the death of the others, were spendthrifts.

There is no merit in the argument that the trust must remain executory because the trustee must retain the legal estate in order to exercise the power to encroach upon the corpus of the fund for the benefit of Mrs. Stephens. "A power of sale may lawfully reside in one who has no legal or equitable interest in the property which is to be the subject of a sale." *Coleman v. Cabaniss,* 121 Ga. 281 (1) (48 SE 927). "Such a power is *simply collateral,* and the person to whom the power is given has no interest in the . . . [property]; neither is any estate given to him." *Rosier v. Nichols,* 123 Ga. 20, 24 (50 SE 988). "A

power of sale is a trust." *Coleman v. Cabaniss*, 121 Ga. 281 (2), supra. "The trustee, although the trustee of the power merely, is none the less a trustee." *Heath v. Miller*, 117 Ga. 854, 858 (44 SE 13). We fail to see any reason which in principle would restrain us from holding that a power to encroach upon a fund may not also be held in trust and exercised by the trustee even though he has no legal or equitable interest in the property. We so hold. The exercise of the power to encroach is not something which requires the trustee to retain the legal estate and therefore the trust cannot remain executory pursuant to *Code* § 108-111. See *Gilmore v. Gilmore*, 197 Ga. 303, supra.

The trust in the present case comes within the proscription of *Gray v. Obear*, 54 Ga. 231, supra, and we hold therefore that it was executed immediately upon the death of the testator, that is, the trustees were a mere conduit through which the *estate* bequeathed to Mrs. Grace Moore Stephens passed to her. *Gray v. Obear*, 54 Ga. 231, 234, supra.

■ There remain but two questions for decision. What legal estates were created by paragraph 6 of the will? In whom are they vested? *Code* § 108-112 provides: "In an executed trust for the benefit of a person capable of taking and managing property in his own right, the legal title is merged immediately into the equitable interest, and the perfect title vests in the beneficiary according to the terms and limitations of the trust." *Code* § 108-114 provides in part: "If at any time the grounds of such trust shall cease, then the beneficiary shall be possessed legally and fully of the same estate as was held in trust . . ." *Code* § 85-503 provides in part: "The word 'heirs,' or its equivalent, is not necessary to create an absolute estate; but every conveyance, properly executed, shall be construed to convey the fee, unless a less estate is mentioned and limited in such conveyance. If a less estate is expressly limited, the courts shall not, by construction, increase such estate into a fee, but, disregarding all technical rules, shall give effect to the intention of the maker of the instrument, as far as the same is lawful, if the same can be gathered from its contents . . ."

The trial court held that when the trust became executed upon the death of the testator, the widow took the property in fee

simple. While we agree that the trust was executed, we can not agree that she took the fee simple in the property.

We must give effect to the testator's intention as far as it is lawful. *Code* §§ 113-806 and 85-503. The testator's intent to create a *trust estate* for the benefit of his widow can not be given effect because it contravenes an established rule of law. The rule of law is unrelenting that W. P. Stephens, though it be his fondest wish, cannot create the equitable estate which he intended to create for his widow. *Gray v. Obear,* 54 Ga. 231, 235, supra. His widow takes a legal estate. But what is its nature? Is it an estate for her life? Or, does she take the fee? The testator intended the estate she would take to endure "so long as she may live." Does any rule of law prevent our giving effect to this expression of intent? Quite the contrary, we are compelled to give effect to it. *Code* § 85-503 states that if an estate less than a fee is limited, the court shall not by construction increase such estate into a fee. *Code* § 108-112 provides that when title vests in a beneficiary of a trust who is capable of taking and managing the property in his own right it vests in the beneficiary "according to the terms and limitations of the trust." *Code* § 108-114 states that when the trust ceases the beneficiary will be possessed legally of the same estate as was held in trust, which obviously means that the beneficiary shall be possessed legally of whatever estate was held in trust *for him.* The fact that the trustees were given the power to encroach upon the corpus of the trust for the benefit of Mrs. Grace Moore Stephens does not have the effect of enlarging her life estate into a fee. *Gilmore v. Gilmore,* 197 Ga. 303, 311 (3), supra.

In the cases of *Gilmore v. Gilmore,* 197 Ga. 303, supra, and *DeVaughn v. Hays,* 140 Ga. 208 (78 SE 844), the adult, sui juris life income beneficiaries of the intended trusts took legal estates equivalent to their intended equitable estates, that is, legal life estates. The cases of *Terrell v. Huff,* 108 Ga. 655, supra, and *Munford v. Peeples,* 152 Ga. 31 (108 SE 454), are not authority for the holding of the trial court that Mrs. Grace Moore Stephens took the legal fee, because in those cases the duration of the estates was not stated, while in the present case Mrs. Stephens'

interest was expressly limited to her "so long as she may live." Those cases are examples of the rule that unless a lesser estate is limited, the fee is conveyed, while the present case is an application of the rule that when a lesser estate is expressly limited the court will not increase it into a fee.

We hold that upon the execution of the trust at the death of the testator, W. P. Stephens, the intended life income beneficiary of the trust, Mrs. Grace Moore Stephens, took a legal life estate in the money and securities which comprised the corpus of the trust, and that by virtue of the implied resulting trust of the reversionary interest in the corpus for the testator's estate, and the residuary clause in the testator's will, the testator's brothers Rob and Roy Stephens took a legal reversion in fee subject to being partially or totally divested by the exercise of the power to encroach upon the fund. Though the surviving trustee, the Citizens & Southern National Bank of Atlanta, no longer has any legal estate in the fund, it remains trustee of the power to encroach and may, in its discretion, encroach upon the principal amount of the fund to meet any emergency that may beset Mrs. Grace Moore Stephens, or to maintain her in the manner in which she is accustomed to living. *Heath v. Miller,* 117 Ga. 854, supra; *Coleman v. Cabaniss,* 121 Ga. 281, supra.

Protection of the liquid assets in the hands of the life tenant by requiring bond or otherwise is a matter for the trial court in the first instance and not for this court except on review.

*Judgment affirmed in part; reversed in part. All the Justices concur.*