Harry R. FRIEDMAN et al.,
Plaintiffs,

v.

The UNITED STATES of America,
Defendant.

Civ. A. No. 3058.

United States District Court,
S. D. Georgia,
Savannah Division.

Oct. 4, 1973.

Erwin A. Friedman, Friedman, Haslam & Weiner, Savannah, Ga., for plaintiffs.

R. Jackson B. Smith, Jr., U. S. Atty., Augusta, Ga., Jerome Fink, Daniel C. Perri, Attys., Dept. of Justice, Washington, D. C., for defendant.

## ORDER

LAWRENCE, Chief Judge.

In the will of the late Phillip H. Bodziner the testator, after listing specific bequests to various persons and a one-half interest in his residence to his widow, created an income trust as to the remainder of his estate. Such residue was to be held and managed by the trustees for the following uses and trusts:

"To pay to my wife, SOPHIE M. BODZINER, such part of the net income as the Trustees may deem necessary to provide for the proper support, comfort and happiness of my wife. Said Trustees shall be authorized to encroach upon the corpus of the trust estate at any time and from time to time in such amounts as they may deem necessary, taking into consideration the income of my wife's separate estate, to provide for the

proper support and comfort of my wife."

A power of appointment was conferred upon Sophie Bodziner as to the property remaining in the hands of the trustees at her death which was to be distributed in such manner as she should direct or appoint in her will. If the power is not exercised, the trust will continue for the benefit of the Jewish Educational Alliance which will receive "the entire net income of said trust".

The value of the gross estate was around $555,000. The Executors claimed a marital deduction [1] of approximately $257,000. Such deduction was disallowed by the Internal Revenue Service, resulting in a deficiency of $61,058.33. That amount plus an additional deficiency and interest was paid by the Executors under protest. This action for refund followed.

The question is whether an income trust with power of the life tenant to appoint qualifies for the marital deduction where by its terms the entire income from the trust property does not have to be paid annually to the surviving spouse but only such part thereof as the trustees deem necessary to provide for her "support, comfort and happiness" after taking into consideration the income from her separate estate. Both sides have moved for summary judgment and briefs have been filed. It is agreed that the question before this Court is one of law.

There is no expressed purpose in the will of Mr. Bodziner to take advantage of the marital deduction. That factor was considered significant by the Tax Court in Estate of James S. Todd, Jr., 57 T.C. 288; 57.28 P-H TC. where the testator said that it was his purpose to "assure my estate of the maximum marital deduction". An affidavit of the attorney who drew Mr. Bodziner's will was filed in support of the motion of the Ex-

ecutors for summary judgment. The question of marital deduction was discussed at two conferences at which the testator, his counsel and accountant were present and it was agreed by all that the will would be drafted so that it would qualify. The Court was informed during the argument that since the testator's death the trustees have annually paid the entire net income from the corpus of the trust to Mrs. Bodziner.

■ Qualification for the marital deduction must be determined as of the time of death (Jackson v. United States, 376 U.S. 503, 508, 84 S.Ct. 869, 11 L.Ed. 2d 871) and the trust instrument itself rather than extrinsic circumstances furnishes the standard that is to be applied. Sherman v. United States, D.C., 360 F. Supp. 119, 122; Estate of Stewart v. Commissioner of Internal Revenue, 436 F.2d 1281 (3rd Cir.). Independently, however, of the affidavit of the counsel in the present case, this Court recognizes that qualification for the deduction must have been contemplated and desired by Bodziner. More than the deficiency sued for was at stake. Double taxation would otherwise result since the property subject to the power of appointment conferred upon the widow would be taxable to her estate upon her death.

■ The Congressional purpose of the marital deduction was to achieve uniformity of federal estate tax impact between states with community property laws and those without them. The deduction was hedged by Congress with limitations. This included the terminable-interest rule that "Where . . . on the occurrence of an event or contingency, or on the failure of an event or contingency to occur, an interest passing to the surviving spouse will terminate or fail, no deduction shall be allowed under this section with respect

---

[1]. " . . . the value of the taxable estate shall . . . be determined by deducting from the value of the gross estate an amount equal to the value of any interest in property which passes or has passed from the decedent to his surviving spouse. . . . " 26 U.S. C.A. § 2056(a).

to such interest." 26 U.S.C.A. § 2056 (b)(1).

Where a will creates a life estate with power of appointment in the spouse, such interest is non-terminable and qualifies for the marital deduction if the "surviving spouse is entitled for life to *all the income* from the entire interest, or all the income from a specific portion thereof, payable *annually or at more frequent* intervals, with power in the surviving spouse to appoint the . . interest. . . ." 26 U.S.C.A. § 2056 (b)(5). (italics added). Under the Regulations, each of five requirements must be met before this exception to the nondeductibility of a terminable interest is applicable. See Treasury Regulations Section 20.2056(b)–5(a), Appendix. The only two of relevance here are that

"1. The surviving spouse must be entitled for life to all of the income from the entire interest or a specific portion of the entire interest, or to a specific portion of all the income from the entire interest.

"2. The income payable to the surviving spouse must be payable annually or at more frequent intervals."

The Government contends that the language of the will in respect to the trust and disposition of the income constitutes a nondeductible terminable interest that does not qualify for the marital deduction under the provisions of 26 U.S.C.A. § 2056(b)(5) and the Regulation referred to above. Defendant argues that the widow is not entitled, under Item XXIV, to "all the income" for her life but is limited to such part of the net income

as the Trustees may deem necessary for her support, comfort and happiness. The Government says that Item XXIV permits the trust income to be accumulated and that, under its language, there is the possibility that Mrs. Bodziner would not be entitled to any income in her lifetime.

It is further contended that the trust fails to meet the second requirement of § 2056(b)·(5) in that there is no provision in the will that the income be payable annually or at more frequent intervals.

For their part, the Executors insist that

1. The trust is within the exception of the terminable-interest rule under the Regulations which provide that the spouse is "entitled for life to all of the income . . . if the effect of the trust is to give her substantially that degree of beneficial enjoyment of the trust property during her life which the principles of the law of trusts accord to a person who is unqualifiedly designated as the life beneficiary of a trust." See Regulations, Section 20.2056(b)–5(f).[2]

2. The Executors maintain that while Item XXIV of the will does not expressly require annual or more frequent distribution of income from the trust property, the law of Georgia provides that, if a trust instrument is silent as to the time or the frequency of such distributions, the trustees "shall distribute all net income derived from the property comprising such trust at least annually, on a calendar or fiscal year basis." Ga. Code Ann. § 108–445 (Acts 1960, p.

---

2. The same Regulation goes on to state that "Such degree of enjoyment is given only if it was the decedent's intention, as manifested by the terms of the trust instrument and the surrounding circumstances, that the trust should produce for the surviving spouse during her life such an income, or that the spouse should have such use of the trust property as is consistent with the value of the trust corpus and with its preservation. The designation of the spouse as sole income beneficiary for life of the entire interest or a specific portion of the entire interest will be sufficient to qualify the trust unless the terms of the trust and the surrounding circumstances considered as a whole evidence an intention to deprive the spouse of the requisite degree of enjoyment. In determining whether a trust evidences that intention, the treatment required or permitted with respect to individual items must be considered in relation to the entire system provided for the administration of the trust."

194).[3] It is contended by the Executors that this statute removes any implicit authority in the Trustees not to distribute net income at least annually.

I will return to the Georgia statute after reviewing three rulings that deal with the qualification of testamentary trusts where a trustee is given discretion to distribute to the surviving spouse such part of the net income as deemed proper during her life. The first of the precedents referred to is

### Revenue Ruling 68–544

In this advisory Ruling of the Commissioner of the Internal Revenue a life estate trust was said to qualify for the marital deduction where it was provided that the corpus and accumulated income was to be paid to the estate of the surviving spouse. Under the bequest of one-half of the adjusted gross estate in trust the trustee was directed to pay to the widow during her lifetime any portion of the income deemed desirable.

The specific question was whether all the trust income must necessarily be payable to the surviving spouse at least annually. The commissioner emphasized Section 2056(b)(1)(A) of the Revenue Code which says that a terminable interest will be nondeductible if an interest passes "from the decedent to any person other than such surviving spouse (or the estate of such spouse)." Under the will the corpus and any accumulated income was to go to the estate of the life tenant at her death. The Commissioner concluded that the trust bequest qualified for the marital deduction even though the widow may have received no income from the trust property during

her life since the will directed that at the death of such surviving spouse the corpus and any accumulated income was to go to her estate.[4]

### Estate of James S. Todd, Jr., supra

The will of a Texas testator created a separate trust for the purpose of a marital deduction under which the trustees were to pay annually "so much of the net income of this trust to my wife . . . . so long as she shall live, as in their conclusive discretion should be expended to accomplish the purpose of this trust." There was a power of encroachment if the net income and other property and income of his wife was insufficient to provide adequately and generously for her. The trust property was to be distributed upon her death in the manner she should appoint by her will. There was no provision for the accumulation of income. Several references were made in Mr. Todd's will to his intention that the trust bequest qualify for the marital deduction permitted under the Internal Revenue Code. The Government argued that since the trustees could exercise their "conclusive discretion" by withholding payment of trust income, the surviving spouse did not have an absolute right thereto for life as is required by § 2056(b)·(5) and the Regulation. Judge Dawson ruled for the Tax Court that the trust qualified for the deduction. The discretion of the trustees to withhold income was overridden by the "necessity of accomplishing the purpose of the trust" which was "to secure the benefits of the marital deduction". The disputed provision for distribution of income was construed "as

3. The Treasury Regulations provide in respect to this aspect of state trust law as follows: "In determining whether or not the conditions set forth in paragraph (a)(1) through (5) of this section are satisfied by the instrument of transfer, regard is to be had to the applicable provisions of the law of the jurisdiction under which the interest passes and, if the transfer is in trust, the applicable provisions of the law governing the administration of the trust. For example, silence of a trust instrument as to the frequency of pay-

ment will not be regarded as a failure to satisfy the condition set forth in paragraph (a)(2) of this section that income must be payable to the surviving spouse annually or more frequently unless the applicable law permits payment to be made less frequently than annually." See Treasury Regulations § 20.2056 (b)–5(e).

4. Under Georgia law, accumulated trust income belongs to the life tenant and passes under her will. Bazemore v. Davis, 55 Ga. 504.

commanding the trustees to pay to the testator's surviving wife, at least annually, so much of the income of the trust as they think should be paid to *accomplish the purpose of the trust."*

### Estate of Jerome Mittleman

█ The Government relies on the 1973 decision of the Tax Court in Estate of Jerome Mittleman, TC Memo 1973–112; § 73, 111 P-H Memo TC. Under the testamentary trust there, the residue of the estate was bequeathed to trustees for the purpose of providing for "the proper support, maintenance, welfare and comfort" of his wife during her lifetime. To that end, power of encroachment was given the trustees. The widow was empowered at her death to appoint by will the balance of the trust property. Judge Dawson rejected the contention of the taxpayer that the widow possessed "such command over the income that it is virtually hers." § 20–2056(b)–5(f)(8). He held that the trust did not qualify for the marital deduction since it failed to meet the requirements of distribution of all income at least annually.[5]

These three rulings point up the uncertainty and confusion in the law in this area of estate taxation more than they provide light and guidance in the instant case. Their common denominator is the absence of any law in the particular jurisdictions requiring payment of income annually or more frequently. As above noted, the Regulations provide that regard will be had for the law of the jurisdiction under which the trust interest passes.[6] I return to the statute enacted by the General Assembly of Georgia in 1960.

### The Georgia Statute

"Where the trust instrument is silent as to the time of distribution of income and the frequency thereof, all trustees of all trusts subject to the laws of this State, whether heretofore or hereafter established, shall distribute all net income derived from the property comprising such trust at least annually, on a calendar or fiscal year basis." § 108–445.

"In the case of any trust now in existence or hereafter created where the trust instrument expressly directs or permits net income to be distributed less frequently than annually, the express provisions of such instrument shall govern the time and manner of making distributions of income." § 108–446.

█ Following the argument in this case, the plaintiffs filed an affidavit in support of their motion for summary judgment in which the author of such legislation undertakes to explain its history, purpose and intent. In interpreting statutes, affidavits by drafters after enactment of legislation will not be considered by the courts. Epstein v. Resor, D.C., 296 F.Supp. 214, 216. However, the particular law needs no such explanation, exposition or exegesis. It is patently aimed at problems raised by the marital deduction requirements of the Internal Revenue Code of 1954 and the regulations pursuant thereto. The Act of 1960 is cast in broader terms than such problem since in terms it applies to all trusts and distributions of income to all beneficiaries, not merely to a survivig spouse.

---

5. The decision in *Mittleman* has been appealed to the Court of Appeals, District of Columbia, where it awaits argument.

6. See § 20–2056(b)–5(e) and particularly that portion of the Regulation that gives as an example a law providing that if the trust is silent as to frequency of payment of income to the surviving spouse, distribution must be made at least annually. "Cautious draftsmen of marital deduction trusts usually provide explicitly that the income from the trust must be distributed to the surviving spouse at annual or more frequent intervals, although the Regulations provide that such a provision is not necessary 'unless the applicable law permits payment to be made less frequently than annually,' which presumably will seldom, if ever, occur." Lowndes and Kramer, Federal Estate and Gift Taxes (1962), 406–407.

■■ Mr. Bodziner's will was executed in 1958 before the statute went into effect. The Act applies to all trusts "now in existence or hereafter created". There is no problem here in respect to the Georgia rule of prospective operation of statutes. Wills in this State are to be construed by the law existing at the time of the testator's death. Hertz et al. v. Abrahams, 110 Ga. 707, 36 S.E. 409; Sumpter v. Carter, 115 Ga. 893, 42 S.E. 324; Stephens v. Stephens, 218 Ga. 671, 675, 130 S.E.2d 208. This being so and since the trust instrument is "silent" as to time of income distribution, I must perforce read Item XXIV to mean that "the trustees shall pay to my wife all the net income derived from the trust property at least annually".[7]  I cannot agree with an interpretation of § 108–446 that would make § 106–445 inoperative here on the theory that the language of the Bodziner trust amounts to express permission to the trustees to distribute net income on a less frequent basis than annually.

In footnote 3 of this Order I referred to the Treasury Regulation stating that in determining whether the requirements as to terminable income trusts are met for marital deduction purposes regard may be had to "the applicable provisions of the law of the jurisdiction under which the interest passes". The intent of the Act of 1960 (Ga.Code §§ 108–445, 446) was to make discretionary income trusts that are silent as to frequency of payment eligible for the marital deduction. The requirement of the statute that under such a trust all net income must be paid by the trustees at least annually must be read into the Bodziner trust, delimiting any fiduciary discretion in such respect.

So viewing the Georgia law, the decision here must go in favor of the Executors. Their motion for summary judgment is granted and the defendant's is denied. Counsel for plaintiffs will submit a form of judgment.

---

**7.** The Act of 1960 does not mean that discretionary income trusts have seen their day in Georgia. Silence of the instrument as to time and frequency of distribution has become a limitation rather than a grant of fiduciary authority. Such a trust will qualify for the marital deduction. So the Legislature reasonably conceived. If the testator does not want it that way, he can recite that it is his express wish that distribution of net income may be on a less frequent than annual basis in the trustee's discretion. "In absence of specific provisions as to time of payment, payment must be made at least annually. Code Supp.Sec. 108–445." See "Wills and Trusts, Suggested Forms." The Liberty National Bank and Trust Company, 1973, p. 10, note.